THE STATE OF OHIO, APPELLEE, *v.*
DOWNEY, APPELLANT.

(No. 86AP-1032 — Decided
March 31, 1987.)

*Ronald J. O'Brien,* city attorney,
*James J. Fais* and *David E. Tingley,*
for appellee.
*Robert M. Sanders,* for appellant.

McCORMAC, J. Mary Ann Downey,
defendant-appellant, was charged with
two counts of operating a motor vehi-
cle under the influence of alcohol, both
from the same incident, as well as
speeding. Her motion to suppress the
results of a breathalyzer test on the
basis that there was a lack of probable
cause was overruled, following which
she entered a plea of no contest to the
"per se" violation (R.C. 4511.19
[A][1]). The trial court found her guilty
and she appeals asserting as her sole
assignment of error that there was no
probable cause to arrest her for driving
under the influence of alcohol.

At the suppression hearing, the
parties stipulated that a state
patrolman would testify that defen-
dant's vehicle was clocked at sixty-six
m.p.h. in a fifty-mile-per-hour zone.
Upon approaching the vehicle, the of-
ficer noted a strong odor of an
alcoholic beverage about defendant's
person. She admitted to having con-
sumed two beers. The officer then con-
ducted field sobriety tests, on which it
was stipulated that she did poorly.
(Parenthetically, it is noted that in the
sentencing phase the field sobriety
tests were partially discussed as con-
sisting of "a six on the gaze nystag-
mus" and quite a bit of wobbling,
slurred speech, glassy eyes, etc.) She
was placed under arrest for operating
a motor vehicle while intoxicated
("OMVI") and she was transported to
the police department, where, after
being advised of her rights, she sub-
mitted to a breathalyzer test, the
result of which was 0.143.

Defendant asserts that there was
not probable cause to arrest her and to
administer a breathalyzer test based
solely upon evidence that she was driv-
ing sixty-six miles per hour in a fifty-
mile-per-hour zone and that she had an
odor of alcohol about her. However,
the stipulated facts show that the ar-
resting officer did not make the arrest
based solely upon the speed of defen-
dant's vehicle and the odor of the
alcoholic beverage about defendant's
person, but that he also investigated
further and, only after a poor perfor-
mance on the field sobriety tests, did
he arrest her for OMVI and request
that she take a breathalyzer test.

The arresting officer's conduct
was proper in all respects. The speed
of defendant's vehicle, coupled with
the strong odor of alcoholic beverage
on her breath, properly induced the ar-
resting officer to investigate defen-
dant's condition further before allow-
ing her to proceed. The field sobriety
tests confirmed the officer's suspicion
that defendant was under the influence
of alcohol and provided reasonable

grounds to administer a breathalyzer test. This case is distinguishable from *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 3 OBR 224, 444 N.E. 2d 481, where the trial court's suppression of the breathalyzer and urine tests was affirmed on the basis that nominal speeding, coupled with the arresting officer's perception of the odor of alcohol *and nothing more,* does not provide the basis for probable cause to arrest the defendant for driving under the influence of alcohol. In this case, the field sobriety tests, concerning which there was a stipulation that defendant performed poorly, provided sufficient additional evidence to cause the officer to reasonably believe that the defendant was driving under the influence of alcohol. Moreover, the field sobriety tests apparently included observations which the arresting officer made or could have made before defendant even stepped outside the car, as those observations included glassy eyes and slurred speech. *State* v. *Taylor, supra,* does not stand for the proposition that an arresting officer cannot investigate further the probability of driving under the influence when the initial arrest is based upon defendant's exceeding the speed limit by sixteen miles per hour and having a strong odor of alcohol about her breath. The arresting officer is not prohibited from further field investigation and observations to assure that a driver who is possibly under the influence is not allowed to continue driving in that condition.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and BRYANT, JJ., concur.