OPINION
This is an accelerated calendar appeal. Appellant, Michael T. Huffman, appeals the decision of the Willoughby Municipal Court which adopted a magistrate's decision overruling appellant's motion to suppress and/or dismiss evidence, and which overruled appellant's additional motion to dismiss on the basis of double jeopardy. For the reasons that follow, we affirm in part the decision of the trial court, reverse in part, and remand the case to the trial court for further action consistent with this opinion.
The magistrate made the following findings of fact. On January 30, 1995, at approximately 2:00 a.m., Patrolman Louis Formick ("Patrolman Formick") observed appellant traveling in a white Cadillac at a high rate of speed on Lake Shore Boulevard, in Eastlake, Lake County, Ohio. Patrolman Formick began to follow the vehicle, at which time he observed the vehicle make a wide turn around a corner. Patrolman Formick stopped at a corner, activated his stationary radar unit and determined that the vehicle was traveling at a speed between forty-three and forty-six m.p.h. in an area in which the posted speed limit was twenty-five m.p.h.
Patrolman Formick then observed appellant's vehicle completely cross the center line so that appellant was, in fact, traveling on the left side of the road. Patrolman Formick activated his emergency overhead lights and stopped appellant.
Upon approaching the vehicle and questioning appellant, Patrolman Formick noticed a strong odor of an alcoholic beverage on appellant's breath. He also noticed that appellant's eyes were bloodshot. Patrolman Formick asked appellant if he had been drinking, and appellant responded that he had consumed two beers. Based on these observations, Patrolman Formick administered various field sobriety tests which appellant failed. Appellant was then placed under arrest for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1), and was taken to the police station. At the station, appellant refused to submit to the Breathalyzer test.[1] Appellant's driver's license was suspended administratively, pursuant to R.C. 4511.191. He also received citations for speeding and for driving left of center, in violation of Eastlake City Ordinances 333.03(b) and 331. 01(a), respectively.
The trial court concluded that the above findings of fact supported a finding that Patrolman Formick had articulable and reasonable suspicion to stop appellant in the first instance. Accordingly, the court overruled appellant's motion to suppress evidence obtained as a result of the stop and the subsequent objections to the magistrate's report.
Appellant then filed a motion to dismiss based on double jeopardy. In this motion, he argued that because he was already punished by having his driver's license suspended pursuant to the administrative license suspension ("ALS"), the prosecution against him for driving under the influence of alcohol ("DUI") violated the constitutional prohibition against double jeopardy.
The trial court dismissed this motion as being untimely and without merit. Although the trial court did not specifically indicate the basis for its ruling that the motion was untimely, the record reveals that the motion was filed on April 18, 1995, some two and one-half months past the date of appellant's initial appearance on January 31, 1995. Thus, the motion was untimely pursuant to Crim.R. 12(C) which states that "[a]ll pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." In the instant case, the trial court also ruled on the merits of appellant's motion, irrespective of its untimeliness, presumably in the interest of justice. Likewise, we will address the merits of the trial court's dismissal of the motion in this appeal.
On May 3, 1995, the trial court entered sentence against appellant.[2] Subsequently, appellant moved the court for limited driving privileges and received the same. He also moved the court to stay execution of sentence pending appeal. The court granted this motion.
From his conviction and sentence, appellant perfected a timely appeal,[3] asserting two assignments of error:
 [1.] At the time of the arrest of the Defendant- Appellant, Michael T. Huffman, the officer, considering the totality of the facts and circumstances, did not have a sufficient and reasonably articulable suspicion justifying the stop.
 "[2.] The denial by the Trial Court dismissing Defendant-Appellant's Motion for Double Jeopardy violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article X of the Ohio Constitution."
Although it is error for a trial court to refer a motion to suppress to a magistrate, a defendant must either object to the trial court's referral at the outset or must file a written objection to the magistrate's order pursuant to Crim.R. 19(C) in order to preserve the issue on appeal. State v. Chagaris (1995),107 Ohio App.3d 551, 553-556; accord State v. Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, unreported, at 6-8. In the casesub judice, it appears that appellant has waived this error on appeal by not challenging the magistrate's decision as described herein.
Next we turn to the merits of the case. Appellant's principal argument is that Patrolman Formick did not have legally sufficient facts to create a reasonable, articulable suspicion of criminal behavior which would permit an investigative stop in the first instance. He argues that "from the totality of the circumstances there was no evidence of erratic driving, unreasonable speed, or other criminal activity." We disagree.
Both the Supreme Court of Ohio and this court have held that a minor violation of a traffic regulation observed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation. See State v. Evans
(1993), 67 Ohio St.3d 405, 407 (propriety of initial stop where defendant's headlight was broken "cannot be reasonably disputed");State v. Takacs (Feb. 25, 1994), Lake App. No. 93-L-087, unreported, 1994 WL 102221 (police officer's observance of a minor traffic violation provided probable cause to stop the driver for the traffic violation). Both the Supreme Court of Ohio and this court have continued to uphold this rule. See Dayton v. Erickson
(1996), 76 Ohio St.3d 3, syllabus; State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported, at 5-6.
In the instant case, Patrolman Formick observed appellant completely cross the center line and drive on the left-hand side of the road, in clear violation of Eastlake City Ordinance331.01(a). He also determined that appellant was traveling at a rate of speed which was nearly twice the posted speed limit. According to Eastlake City Ordinance 333.03, it is "prima-facie unlawful for any person to exceed the speed limits posted * * * [in Eastlake]." Pursuant to Evans, Patrolman Formick had sufficient justification to warrant his initial stop of appellant to issue citations for these infractions.
It is well-established that when a police officer has stopped a vehicle for some minor traffic offense, and then observes clear signs that the detained driver may be intoxicated, that officer may proceed to investigate further. See Yemma at 6, quoting Statev. Downey (1987), 37 Ohio App.3d 45. This scenario is exactly what occurred in the instant case. Patrolman Formick immediately noticed the strong odor of alcohol on appellant's breath, as well as appellant's bloodshot eyes. Appellant admitted to consuming two beers earlier in the evening. These factors, in combination with Patrolman Formick's earlier observations of appellant's errant driving, indicate that Patrolman Formick was justified in investigating further. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant asserts that receiving an administrative license suspension violates the federal and state constitutional prohibitions against double jeopardy. Pursuant to the holding of the Supreme Court of Ohio inState v. Gustafson (1996), 76 Ohio St.3d 425, paragraph one of the syllabus, this assertion is without merit.
However, the ALS imposed upon appellant at the time of his arrest must be terminated at the time of his conviction and sentencing. Gustafson at paragraphs three, four, and five of the syllabus. As the record before this court does not indicate that the trial court terminated appellant's ALS at the time of his conviction and sentence on May 3, 1995, we reverse and remand the case on this limited issue for further action consistent with this opinion or to clarify the record in this regard. To this extent, appellant's second assignment of error is sustained. See Eastlakev. Minarich (May 2, 1997), Lake App. No. 96-L-024, unreported, at 6-7.
In light of the foregoing analysis, the judgment of the trial court is affirmed, with the exception of the limited remand instructing the trial court to terminate appellant's administrative license suspension as of the time of his conviction and sentence.
JUDITH A. CHRISTLEY, JUDGE.
FORD, P.J., and NADER, J. concur.
[1] Appellant contends in his brief that he did submit to the Breathalyzer test; however, the record before this court indicates that he refused the test.
[2] Both appellant and the state indicated in their briefs that on May 9, 1995 appellant entered a plea of no contest to the charges against him. However, the record before this court indicates that appellant pled not guilty and was then determined by the trial court to be guilty of the charged offenses. Regardless, this is not at issue and does not change our analysis.
[3] Although appellant filed his notice of appeal in the instant case on May 12, 1995, this court dismissed the appeal on February 20, 1996. Upon appellant's motion to reinstate the appeal, we vacated our prior judgment and reinstated the appeal on March 6, 1996.