OPINION
Defendant-appellant, Albert D. Siebert, appeals his conviction in the Warren County Court for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). Specifically, appellant argues that the trial court erred in denying his motion to suppress evidence and his motion for judgment of acquittal. Finally, appellant alleges that the conviction was against the manifest weight of the evidence.
On December 12, 1996, at approximately 12:52 a.m., Sergeant Mark Helsinger ("Helsinger" or the "officer") of the Ohio Highway Patrol was traveling southbound on Interstate 71 in a marked police cruiser near the twenty-nine mile marker in Union Township, Warren County, Ohio. Helsinger was traveling in the left lane and was "easing past a white Lincoln Town Car (the "vehicle") in the righthand lane." Helsinger observed "quite a distance" between his cruiser and the vehicle. Looking directly at the vehicle, Helsinger observed that it straddled the white line dividing the right lane from the berm of the road. Specifically, Helsinger testified that the white line was between the tires of the vehicle for approximately one-tenth of a mile.
At this point, Helsinger slowed down, pulled behind the vehicle, and turned on his overhead lights. The vehicle stopped just past the Route 48 exit ramp on Interstate 71. After stopping and exiting his cruiser, Helsinger approached the driver's side of the vehicle. Appellant lowered the driver's side window approximately one-half inch and Helsinger informed appellant that he had been stopped for failure to drive in marked lanes and requested his driver's license, registration, and insurance card. Helsinger noticed through the slightly cracked window that a "moderate odor of alcohol" was present. The officer then asked appellant to completely roll down his window, which appellant refused. According to Helsinger, appellant would not look at him directly and spoke out of the right corner of his mouth, which made it difficult to hear. The officer asked appellant how much he had to drink and appellant denied drinking any alcohol and asked why he was stopped.
The officer then told appellant on two separate occasions to exit the vehicle in order for field sobriety tests to be performed. Specifically, Helsinger stated, "I need for you to do some sobriety tests for me. I can smell the alcohol on you." Appellant refused to follow the officer's instructions; instead, appellant kept telling the officer that he had not been drinking and had done nothing wrong. Helsinger told appellant to exit the vehicle or he would be arrested. This conversation continued for three or four minutes during which appellant was also told that the sobriety tests were predicated on the moderate odor of alcohol in the vehicle and his failure to drive in marked lanes. After appellant did not exit the vehicle or submit to sobriety tests, he was told by Helsinger he was "under arrest."
Due to appellant's refusal to exit the vehicle, Helsinger radioed for a back-up unit and Officer Curtis Bryant arrived in a matter of minutes. Following three more instructions to appellant to exit the vehicle, Helsinger took an axe from Officer Bryant, removed the back driver's side window, and opened the front door. Appellant was removed from the vehicle, placed in handcuffs, and put in Helsinger's cruiser. A routine administrative search of appellant's vehicle revealed a half empty can of beer wedged underneath the passenger seat.
At trial, on May 21, 1997, before the Honorable Dallas Powers in the Warren County Court, a jury found appellant guilty of driving under the influence of alcohol in violation of R.C.4511.19(A)(1). Notice of appeal was timely filed on June 24, 1997.
Appellant presents three assignments of error. In his first assignment of error, appellant argues that the trial court erred in denying his motion to suppress.
When a police officer makes an investigatory stop of a vehicle, the officer must have a reasonable and articulable suspicion that criminal activity is occurring. Delaware v. Prouse (1979),440 U.S. 648, 661, 99 S.Ct. 1391, 1400. The officer must have "specific and articulable facts, which, taken together with rational inferences from these facts, reasonably warrant that intrusion." Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868,1880. The constitutionality of the stop must be viewed in light of totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,178, certiorari denied (1988), 488 U.S. 910,109 S.Ct. 264; State v. Freeman (1980), 64 Ohio St.2d 291, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107. Finally, the facts must be viewed from the perspective of a reasonable officer at the scene. State v. Andrews (1992), 57 Ohio St.3d 86, 87, certiorari denied, 501 U.S. 1220, 111 S.Ct. 2833.
When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. A ruling by the trial court will not be disturbed on appeal if it is supported by substantial and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37,41; State v. Cole (Jan. 24, 1994), Butler App. No. CA93-07-147, unreported, at 2. The court of appeals will independently determine whether minimum constitutional standard are met. Id.
After reviewing the record, we find that the decision of the trial court to overrule the motion to suppress was proper and supported by substantial and credible evidence. The initial traffic stop of the officer was based on appellant's failure to drive in marked lanes in violation of R.C. 4511.33. See Whren v. U.S. (1996), 517 U.S. 806, 116 S.Ct. 1769, 1772 (an officer's observation of a traffic violation justifies an investigative stop). The only exception under the statute is if it is not practicable and the facts indicate leaving the lane was done in a safe manner. R.C. 4511.33. In this case, the record is devoid of any safety related reason why appellant was driving with his tires straddling the white line dividing the right lane from the berm. Appellant's driving was a clear violation of the statute and justified the Terry stop by the officer.
Appellant claims that the violation was de minimis and therefore the Terry stop was not justified. See State v. Johnson (1995), 105 Ohio App.3d 37, 41 ("In determining whether a stop is justified, the particular facts of each case must be considered * * *"). However, all of the cases cited by appellant can be distinguished from the case at bar. In Johnson, the officer followed the driver for a "considerable" amount of time without any traffic violations, the crossing of the lane line was only one tire width, and the amount of time of the crossing was unknown. Id. at 41. See, also, State v. Drogi (1994), 96 Ohio App.3d 466,469 (no evidence of duration or extent of line crossing); State v. Gullett (1992), 78 Ohio App.3d 138, 145
(same); Williams at 42 (driver was stopped based on the time of day, that the driver's truck was new, and the vehicle was driven one tire width over marked lane on turn); Mason v. Loveless (1993), 87 Ohio App.3d 264, 265 (driver never left lane of travel).
Appellant also argues the motion to suppress should have been sustained because the police lacked probable cause for the arrest. Having made a valid investigative traffic stop, an officer may investigate a detainee for impaired driving if reasonable and articulable facts exist to support such a decision. State v. Downey (1987), 37 Ohio App.3d 45, 46; State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported, at 8. Any valid arrest must be based on probable cause, based on the totality of circumstances from the viewpoint of a reasonable and prudent officer. Bobo at 179.
Following the stop for failure to drive in marked lanes, appellant only opened his window for Helsinger one-half of one inch. When Helsinger approached the driver's side of the vehicle, the officer immediately noticed a moderate odor of alcohol in the vehicle. Also, appellant refused to look directly at the officer when speaking to him and made his speech difficult to hear by talking only out of the right corner of his mouth. Based on these specific facts, the officer properly told appellant to exit the vehicle to submit to field sobriety tests. Appellant refused to cooperate and at that point appellant was placed under arrest.
The initial traffic stop, the moderate odor of alcohol from appellant's vehicle, the lack of cooperation of appellant with the officer in rolling down his window, appellant's refusal or inability to speak clearly while looking directly at the officer, as well as his refusal to submit to field sobriety tests, constituted probable cause for the arrest for driving under the influence of alcohol. Appellant's first assignment of error is overruled.
Appellant's second assignment of error states that the motion for judgment of acquittal should have been granted at the close of the prosecution's case; the third assignment of error argues that the conviction of appellant was against the manifest weight of the evidence. These arguments will be addressed together.
A motion for judgment of acquittal challenges the legal sufficiency of the evidence and is appropriately sustained where state has not carried its burden of persuasion on each and every element of the crime beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386; State v. Fyffe (1990),67 Ohio App.3d 608, 614. Upon review, an appellate court is bound to pay deference to the findings of the trial court. State v. Klein (1991), 73 Ohio App.3d 486, 488. The reason for this is the trial court is in the best position to evaluate the credibility of witnesses and then evaluate the evidence. Therefore, in independently reviewing the evidence, this court must view the evidence in a light most favorable to the prosecution and determine whether any reasonable trier of fact could have found appellant guilty beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
Conviction for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) requires a defendant to have been operating a vehicle in this state under the influence of alcohol and/or drugs. Evidence was presented of appellant driving a vehicle, his failure to drive in marked lanes, the moderate odor of alcohol from his vehicle, his lack of cooperation in rolling down his window, his refusal or inability to speak clearly and look directly at the officer, and his refusal to submit to field sobriety tests. Based on the totality of these facts, this court cannot state that a reasonable trier of fact could not find appellant guilty beyond a reasonable doubt. The motion for acquittal was therefore properly denied.
In order to conclude that a conviction is against the manifest dweight of evidence, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins,78 Ohio St.3d at 387. However, only in circumstances "where the evidence clearly weighs heavily against the conviction," is reversal appropriate. Id. Based on the entire record presented, this court cannot conclude that appellant's conviction was against the manifest weight of the evidence. The second and third assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.