Defendant-appellant, Todd Heitzenrater, appeals his conviction, rendered in the Area III Butler County Court, for driving under the influence of alcohol. We affirm.
At approximately 2:00 a.m. on August 23, 1997, Officer Brian Schlensker of the Union Township Police Department, while on patrol, observed appellant driving through the parking lot of the Village Tavern located at the corner of Fountains Boulevard and Cincinnati-Dayton Road in Union Township, Butler County, Ohio, without his vehicle's headlights on. Appellant turned south on to Fountains Boulevard and belatedly turned his headlights on. Fountains Boulevard has two southbound lanes and appellant was driving in the far right lane. Schlensker followed appellant and observed him "drift off the roadway and into the grass on three separate occasions." As the vehicle approached Squirrel Hollow Drive, Schlensker turned on his overhead lights and stopped appellant in the driveway of appellant's residence on Squirrel Hollow Drive.
Schlensker exited his vehicle and appellant immediately approached him and asked "what was going on." Schlensker noticed a strong odor of alcohol "about [appellant's] person," glassy and bloodshot eyes, as well as appellant's slurred speech. Schlensker characterized appellant as "immediately * * * argumentative and belligerent" and testified appellant used profanity. Schlensker twice requested appellant perform field sobriety tests, which appellant refused. Schlensker then placed appellant under arrest for driving under the influence of alcohol in violation of R.C.4511.19(A)(1).[1] Schlensker testified that he did not feel he needed field sobriety tests to establish probable cause in order to arrest appellant for driving under the influence of alcohol. Appellant subsequently failed a breathalyzer test, which indicated a blood alcohol content of .183 grams of alcohol per two hundred ten liters of breath, and was cited for violating R.C. 4511.19(A)(3).[2]
On October 15, 1997, appellant filed a motion to suppress all evidence gathered during the traffic stop and subsequent arrest. This motion was overruled by the trial court on January 20, 1998. On May 4, 1998, appellant pled no contest to violating R.C.4511.19(A)(1) and was found guilty by the trial court. The judgment entry of conviction is dated May 12, 1998. From this conviction, appellant filed a timely notice of appeal and assigns a single assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DENIED HIS MOTION TO SUPPRESS.
When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence. State v. Williams (1993),86 Ohio App.3d 37, 41. Accepting the factual findings, this court must independently determine as a matter of law if the minimum constitutional standard for arrest has been met. Id.
In his assignment of error, appellant argues Schlensker lacked probable cause to arrest appellant for driving under the influence. Having made a valid investigative stop, an officer may investigate a detainee for impaired driving if reasonable and articulable facts exist to support the officer's decision. State v. Downey (1987), 37 Ohio App.3d 45, 46. Any subsequent arrest must be based upon probable cause to believe the individual has committed a crime. See State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of syllabus. "Probable cause exists where there is reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Medcalf (1996), 111 Ohio App.3d 142, 147, citing Ash v. Marlow (1851),20 Ohio 119, paragraph one of syllabus. In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol. Medcalf at 147, citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225.
Appellant cites this court's decision in State v. Vannatter (Apr. 13, 1998), Clermont App. No. CA97-08-072, unreported, for the proposition that a failed field sobriety test is required to establish probable cause. First and foremost, Vannatter did not require a failed field sobriety test to establish probable cause. Vannatter, like innumerable cases from this court and other appellate courts in Ohio, simply noted a failed field sobriety test as a factor which helped establish probable cause in that particular fact pattern. Second, any rule requiring a field sobriety test to establish probable cause would create the ludicrous scenario where any suspect could avoid arrest for driving under the influence by refusing to submit to field sobriety tests. See State v. Terry (June 6, 1997), Montgomery App. No. 16066, unreported, at 6. Therefore, we reject appellant's suggestion that a failed field sobriety test is mandatory in order to establish probable cause to arrest a suspect for driving under the influence of alcohol.
Appellant also insists that Schlensker did not have probable cause based on appellant's three swerves off the road, glassy and bloodshot eyes, slurred speech, his use of profanity, and a strong odor of alcohol about his person. We agree that any one of these factors alone may not establish probable cause to arrest appellant for driving under the influence of alcohol. However, the totality of these factors is sufficient to establish probable cause. Finally, although unnecessary to establish probable cause in this case, the failure to take a field sobriety test is another factor which may be considered to establish probable cause to arrest for driving under the influence of alcohol. Terry at 6. Accordingly, the single assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] The statute states that "[n]o person shall operate any vehicle * * *, if any of the following apply: (1) The person is under the influence of alcohol * * *[.]"
[2] The statute states that "[n]o person shall operate any vehicle * * *, if any of the following apply: * * * (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]"