OPINION
Defendant-appellant, Steven Dowers, appeals his conviction in the Hamilton Municipal Court for driving under the influence of alcohol.[1] We affirm.
On October 7, 1997, at approximately 2:21 a.m., Hamilton Police Officer Doug Zeek was on patrol and received a call from another officer about an automobile accident at the corner of Laurel Avenue and Pleasant Avenue. Upon arriving at the scene, Zeek observed an Officer Butler was already there. Zeek learned that appellant, while attempting to turn left to drive eastbound on Laurel Avenue, was struck from behind by a motorcycle. Officer Butler conversed with the motorcycle driver and Zeek spoke with appellant.
Zeek conversed with appellant and noticed an odor of alcohol about appellant's person, bloodshot eyes, and that appellant was unsteady on his feet. In addition, Zeek characterized appellant's speech as "a little bit slurred." Zeek then gave appellant four field sobriety tests including the horizontal gaze nystagmus test, walk and turn, finger to nose, and the one leg stand. Appellant failed all four tests. At that point, appellant was arrested for driving under the influence of alcohol.
On November 13, 1997, appellant filed a motion to suppress all evidence gathered during the investigation and subsequent arrest for driving under the influence of alcohol. After a hearing, the motion was overruled by the trial court on January 2, 1998. Appellant pled no contest and was found guilty by the trial court. From the April 8, 1998 judgment entry of conviction, appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE AGAINST HIM.
When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v Fanning (1982),1 Ohio St.3d 19, 20. An appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37,41. Accepting the factual findings, this court must independently determine as a matter of law if the minimum constitutional standard for arrest has been met.
Id.
In his assignment of error, appellant raises two related but legally separate issues. First, did Zeek have reasonable suspicion to conduct the field sobriety tests? Second, did Zeek have probable cause to arrest appellant for driving under the influence of alcohol? We address each issue separately.
Zeek arrived at the scene and questioned appellant in the course of investigating an automobile accident. To the extent this initial encounter can even be characterized as a Terry stop, Zeek was lawfully investigating the accident and was entitled to question appellant about his role in the accident. During this encounter with appellant, Zeek noticed an odor of alcohol about appellant's person, bloodshot eyes, speech "a little bit slurred," and that appellant was unsteady on his feet.
An officer may investigate a detainee for impaired driving if reasonable and articulable facts exist to support the officer's decision. State v. Downey (1987), 37 Ohio App.3d 45, 46. Appellant argues that the initial evidence of appellant's physical condition was insufficient to investigate appellant for driving under the influence of alcohol and notes the lack of any proof that appellant was at fault in the accident. However, Zeek did not base his further investigation on the likely cause of the accident, but relied on his observations of appellant's physical condition and the undisputed fact that appellant was driving the automobile involved in the accident. A police officer need not observe an individual drive under the influence of alcohol in order to have reasonable suspicion. Oregon v. Szakovits (1972), 32 Ohio St.2d 271,274. Based upon these specific facts, we conclude that Zeek had reasonable suspicion to continue his investigation and, therefore, properly conducted the field sobriety tests.
The other issue raised is whether probable cause existed to arrest appellant. "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Medcalf (1996), 111 Ohio App.3d 142, 147, citing Ash v. Marlow (1851), 20 Ohio 119, paragraph one of the syllabus. In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine, whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Medcalf at 147, citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223,225.
Appellant failed all four field sobriety tests. These results, combined with the evidence of appellant's physical condition, constituted probable cause to arrest appellant for driving under the influence of alcohol. Appellant cites this court's decision in State v. Finch (1985), 24 Ohio App.3d 38. However, in Finch, the officer never conducted field sobriety tests and relied primarily on the suspect's physical condition to arrest him. Id. at 24-25. In this case, the officer had reasonable suspicion based upon appellant's physical condition, but did not arrest appellant until he failed four separate field sobriety tests. Thus, the motion to suppress was properly overruled by the trial court and the single assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., concurs.
WALSH, J., concurs in judgment only.
[1] The judgment entry indicates appellant was convicted of violating R.C. 4511.19(A)(1), but incorrectly describes the statute as being part of the Codified Ordinances of the City of Hamilton, rather than the Ohio Revised Code. However, under R.C. 4511.19(A)(1) or the virtually identical Hamilton Ordinance 333.01(a)(1), the same analysis applies to appellant's assignment of error.