Following the overruling of a motion to suppress evidence allegedly obtained by an illegal search and seizure, the defendant entered a plea of no contest and was found guilty and sentenced for the illegal possession of hallucinogens. It is from this judgment that the defendant *Page 107 
appeals. The sole assignment of error was that the trial judge overruled the defendants' motion to suppress the state's evidence.
Defendant was stopped by the arresting officer for a headlight violation. He removed himself from his vehicle and met the officer a few feet distant from his vehicle, presented his driver's license to the officer, who proceeded to the driver's side of the vehicle and saw two passengers in the front seat, whereupon the officer walked around to the passenger side of the vehicle, opened the door and asked the passenger seated next to the door to exist the vehicle. Then the officer stuck his head inside the automobile and with the aid of a flashlight saw what "appeared to be a marijuana pipe" on the floor on the driver's side of the vehicle. The officer looked around a little bit more, found two beer cans and reached down to pick up the cans and found a bag containing what the officer believed to be marijuana. The defendant was arrested for illegal possession of hallucinogens, taken to the police station and subsequently issued a citation for an improper headlight. The bag of marijuana was suppressed by the trial judge on defendants' motion to suppress but the "pipe" was admitted as a result of its being in "plain view."
Was the "pipe" in plain view? At the hearing on the motion to suppress, the state officer who stopped the automobile testified that when he had turned his red light on he saw the subjects in the car move around like they were hiding something or shuffling things in the car, that, specifically, the head of the passenger on the far right went down a little bit and came back up and that it could have been that at least one of the passengers looked back to see who was behind them and that the automobile of the defendant was a convertible with a plastic window in the back which was not too clear and the officer could not see whether they turned around or what they were doing. The officer testified that this was a yellowish plastic window and it was difficult to see through it. The officer further testified that when he went to the driver's side of the car he saw the two passengers, but at that time he did not see *Page 108 
the pipe and at no time did he pat any of the persons down for weapons or at any time indicate he felt there was any danger of any weapons. The officer described the pipe as a small one, yellowish in color and not a corn cob pipe, but one that he thought was metal, although he was not certain. After the patrolman had discovered the pipe and what he felt was marijuana in the bag, he called the sheriff because the state patrolman did not make arrests for possession of marijuana. The deputy sheriff came out and seized the bag of marijuana and also the pipe. The pipe contained "a green vegetative material" that later turned out to be 3/10 grams of marijuana. The patrolman did not take full custody of the defendant and did not place him under arrest. It was only when the sheriff arrived that the defendant and his two passengers were placed under arrest. Cf.United States v. Robinson (1973), 414 U.S. 218, wherein no search was made prior to taking full custody of defendant.Harris v. United States (1968), 390 U.S. 234, stated that an officer may seize an object of contraband observed from a point where the officer had a right to be and that such observation does not constitute a search. From all of the surrounding circumstances in the case sub judice, we find that the officer did not observe the pipe upon the floor of the automobile from a vantage point where he had a right to be within the meaning ofHarris. When he first went to the driver's side of the automobile, he did not observe the pipe and it was only upon his proceeding to the far side of the car where he opened the door and removed a passenger and then, by intruding his head into the automobile, and only then, did he observe the pipe laying upon the floor. Such conduct did constitute a search and under the circumstances was not reasonable. Furthermore, even though the appellant did not have standing to complain of the violation of any rights of the occupants who were ordered to exit the automobile, the very act of removing the one passenger on the right side of the automobile was in the nature of a "search" in that the officer removed an obstacle which obstructed the vision of the officer. *Page 109 
It is very questionable whether or not the pipe as described by the officer was contraband within the meaning of "contraband in plain view" in the Harris case, supra. Except for the conclusion of the officer that he saw what appeared to be a "marijuana pipe," there is little to indicate that it was contraband; the pipe was not introduced as an exhibit in the hearing on the motion to suppress and was not made a part of the record herein.
For a somewhat similar factual situation, we call attention to United States v. Cupps (C. A. 6, 1974), 503 F.2d 277. InCupps, the appellant driver of an automobile was asked to get out of his car, having been lawfully stopped for a check of his driver's license. Upon the driver getting out of the automobile, the officer scrutinized the two passengers in the car and at this time noticed a Colt pistol on the front seat of the car which had been concealed by the appellant as he was sitting in the car. The court, in suppressing the introduction of the weapon on a charge of illegal possession of a pistol, stated that "the evidence was uncontroverted that the gun became visible to the police only after Cupps was ordered out of the automobile" and the police officer acted beyond authority when he ordered the driver out of the automobile; therefore, the plain view doctrine never became operative. The court further stated that, unless an officer has the right to be where he is, plain view alone is never enough to justify the warrantless seizure of the evidence. See also Coolidge v. New Hampshire
(1971), 403 U.S. 443; State v. Bradshaw (1975), 41 Ohio App.2d 48, and cases cited therein.
Upon a consideration of the foregoing, the assignment of error is found well taken; the judgment of the Municipal Court of Maumee is reversed and this cause is remanded to that court for further proceedings according to law.
Judgment reversed.
BROWN, P. J., and POTTER, J., concur. *Page 110