**The STATE of Ohio, Appellee,**

v.

**WOODS, Appellant.**

[Cite as *State v. Woods* (1993), 86 Ohio App.3d 423.]

Court of Appeals of Ohio,
Ross County.

No. 1884.

Decided Feb. 17, 1993.

*William J. Corzine III,* Chillicothe City Law Director, for appellee.

*Spetnagel & Benson* and *J. Jeffrey Benson,* for appellant.

GREY, Judge.

This is an appeal from the Chillicothe Municipal Court. Defendant Michelle A. Woods was found guilty of violating R.C. 4511.19(A)(3), driving under the influence. We reverse.

On December 28, 1991, at 2:45 a.m., Ohio State Troopers, Barnes and Rosta, were on routine patrol. As they were rounding a right-hand curve, an oncoming car flicked its lights on to high beam and then back again to low beam. Barnes and Rosta made a one-hundred-eighty degree turn, and then followed Woods for a short time. Although she did not weave in her lane, violate any law, and there was no indicia of any improper driving, Barnes and Rosta pulled Woods over. The record does not show that Woods performed poorly on field sobriety tests.

Woods was arrested for drunk driving and taken to the Highway Patrol post for a breathalyzer test. She registered .139 on the BAC Verifier and was cited for violating R.C. 4511.19(A)(1) and (A)(3), drunk driving.

Woods filed a motion to suppress. The court, after taking testimony and adducing evidence, denied the motion and the case proceeded to trial. During trial, defense counsel objected to the state's introduction of statements made by the defendant because the statements had not been supplied as required by the rules of discovery. As a sanction for the prosecutor's failure to comply with discovery, a mistrial was granted.

Upon reflection, the court decided the sanction was disproportionate to the discovery abuse and the trial was rescheduled. The state agreed to dismiss the charge of violating R.C. 4511.19(A)(1). Woods was found guilty of violating R.C. 4511.19(A)(3) and appeals, assigning the following errors.

FIRST ASSIGNMENT OF ERROR

"The trial court erred by overruling the Appellant's motion to suppress and thus finding that the arresting officer had reasonable and articulable suspicion justifying the stop of Appellant's vehicle."

Woods says the state troopers lacked legal justification for the initial stop. We agree.

The test for a constitutional stop of an automobile is limited to the finding of reasonable suspicion. *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. The question is whether there was reasonable and articulable suspicion to warrant the original investigatory stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. When a reviewing court determines whether the stop was proper, it must consider the totality of the circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044. See, also, *State v. McCaig* (1988), 51 Ohio App.3d 94, 554 N.E.2d 925. An investigatory stop must be justified by some objective manifestation that the person stopped is engaged or about to engage in some form of criminal activity. *United States v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621.

A brief stop of a suspicious individual to determine his identity or to maintain the *status quo* may be reasonable in light of the facts known to the officer at the time. *State v. Williams* (1990), 51 Ohio St.3d 58, 554 N.E.2d 108, citing *Terry*, *supra.* These circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271, citing *United States v. Hall* (C.A.D.C.1976), 525 F.2d 857. The test is objective in nature, *i.e.*, would the facts available to the officer at the moment of the seizure or the search

warrant a man of reasonable caution in the belief that the action taken was appropriate? *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489.

The state cites R.C. 4513.15, which requires that a driver "use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver," as support for the initial investigatory stop. The court indicated a violation of R.C. 4513.15 was sufficient for the initial investigatory stop and denied the motion to suppress.

The purpose of R.C. 4513.15 is to prevent oncoming motorists from temporarily blinding each other and thereby creating a hazardous condition.

In *State v. Hinton* (Mar. 16, 1992), Clark App. No. 2833, unreported, 1992 WL 52764, Hinton's motion to suppress was granted. The state appealed and the Second District reversed and remanded, noting that *failure* to dim one's lights to oncoming traffic is a violation of R.C. 4513.15 and is sufficient to warrant an investigatory stop.

In *State v. Weaver* (Aug. 22, 1988), Mahoning App. Nos. 87 C.A. 40, 87 C.A. 41 and 87 C.A. 42, unreported, 1988 WL 88390, the Seventh District, citing *State v. McCray* (1975), 46 Ohio App.2d 106, 75 O.O.2d 86, 345 N.E.2d 456, found that probable cause to arrest did not arise following a valid stop for a headlight violation, where the officer had no reason to suspect criminal activity or fear for his own safety. But, see, *State v. Collins* (Mar. 30, 1978), Cuyahoga App. No. 37333, unreported, which asserts that under *Pennsylvania v. Mimms* (1977), 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331, *McCray* is no longer controlling. Weaver was arrested for violating R.C. 4511.19(A)(1) and (A)(3), drunk driving, and for violating R.C. 4513.15, *failing to dim bright lights*. Judge O'Neill, in his concurring opinion, noted that failure to dim bright lights, combined with a moderate odor of alcohol, and nothing more, is insufficient to warrant an arrest for drunk driving. See *State v. Taylor* (1981), 3 Ohio App.3d 197, 3 OBR 224, 444 N.E.2d 481, which holds that the act of nominally exceeding the speed limit, coupled with the arresting officer's perception of the odor of alcohol (not characterized as pervasive or strong), and nothing more, does not furnish probable cause to arrest an individual for drunk driving. We have interpreted *Taylor* narrowly and will continue to do so. See, *e.g.*, *State v. Turner* (Jan. 11, 1993), Highland App. No. 812, unreported, 1993 WL 3524.

A violation of R.C. 4513.15 occurs when a driver fails to dim his bright lights. *Weaver, supra; Hinton, supra.* Any car traveling through a curve with its bright lights on would cast its high beam on an approaching car at the very instant the approaching car became visible. This statute requires that at this point the driver go to the low beam lights. This is exactly what happened in this case. The testimony of the officer is that Woods did dim her bright lights when the officers' vehicle approached. There is nothing to show a violation of R.C.

4513.15, nothing to show there was conduct that the statute was designed to prevent, *i.e.*, glaring rays projected into the eyes of an oncoming driver. In determining whether the initial stop was proper, a reviewing court applies the totality of the circumstances standard. *Freeman, supra.* If there is no objective manifestation that the defendant was engaged or about to engage in some form of criminal activity, the initial stop was improper. *Cortez, supra.*

Unlike the cases cited above where the drivers failed to dim their lights as the other vehicle approached, Woods' momentary flick onto high beam followed immediately by a return to low beam cannot be elevated to a violation of R.C. 4513.15. Absent any other indicia of illegal or improper driving, *Taylor, supra,* Woods' motion to suppress was wrongfully denied.

Woods' first assignment of error is well taken and is sustained.

SECOND ASSIGNMENT OF ERROR

"The trial court erred, to the prejudice of the Appellant in denying the Appellant the right to confront and cross-examine witnesses against her, by overruling, without a hearing, Appellant's pre-trial motion to suppress."

THIRD ASSIGNMENT OF ERROR

"The trial court erred, to the prejudice of the Appellant when it denied Appellant due process and her right to a fair trial in allowing the state to introduce Appellant's statement not disclosed in discovery."

Where one assignment of error is rendered moot by ruling upon another, it need not be addressed. App.R. 12(A)(1)(c). In view of our finding regarding Woods' first assignment of error, all other assignments of error are rendered moot.

The judgment of the trial court is reversed and this case is remanded to the trial court with the direction to enter judgment granting the motion to suppress evidence.

*Judgment reversed*
*and cause remanded.*

HARSHA and PETER B. ABELE, JJ., concur.