DECISION AND JUDGMENT ENTRY
The Ross County Court of Common Pleas granted appellee Jane Dennewitz's motion to suppress evidence obtained as a result of a traffic stop. The State of Ohio appeals the trial court's order and assigns three errors for our review:
 I. The Trial Court erred when finding that the initial stop was not made as a result of a traffic violation.
 II. The trial court erred in finding that the stop was made solely for the purpose of drug interdiction.
 III. The Trial Court erred in finding that the stop was made without probable cause.
We find that the trial court erred in suppressing evidence obtained during the traffic stop in this case. Accordingly, we reverse and remand for further proceedings.
 I.
On November 10, 1998, Chillicothe Police officer Chester Lytle was on routine patrol in an area of Chillicothe reputed to have high drug sales activity. While on patrol, Officer Lytle saw a woman get into a car driven by Ms. Dennewitz. A short time later, Officer Lytle observed the same woman getting out of Ms. Dennewitz's vehicle at approximately the same location Ms. Dennewitz had picked her up. After dropping off her passenger, Ms. Dennewitz drove away.
Officer Lytle followed Ms. Dennewitz's car for several blocks. He observed no traffic violations until Ms. Dennewitz approached the intersection of Yoctangee Boulevard and Mill Street. As she approached this intersection, Ms. Dennewitz signaled a right hand turn and proceeded to turn right onto Yoctangee Boulevard. Immediately upon Ms. Dennewitz making the right turn, Officer Lytle activated his pursuit lights and initiated a traffic stop. According to Officer Lytle, Ms. Dennewitz failed to activate her turn signal at least one hundred feet from the intersection, as required by R.C. 4511.39. After Ms. Dennewitz pulled over, but before approaching the vehicle, Officer Lytle radioed for a "K-9" unit to bring a drug-sniffing dog to the scene. Approximately fifteen minutes later, a Chillicothe police sergeant arrived with the dog, which detected the scent of illegal drugs in Ms. Dennewitz's car. The officers searched the car and found crack cocaine.
The Ross County Grand Jury indicted Ms. Dennewitz on a single count of cocaine possession, in violation of R.C. 2925.11. Ms. Dennewitz filed a motion to suppress all evidence obtained by the officers on the basis that the traffic stop violated her right to be free from unreasonable searches and seizures. SeeFourth Amendment, United States Constitution; Section 14, Article I, Ohio Constitution. The basis of Ms. Dennewitz's motion was that the "* * * purpose of the stop was to conduct a search of the defendant and her automobile. The minor traffic violation was merely a pretext for the stop." Following a hearing on the motion, the trial court agreed with Ms. Dennewitz and suppressed all evidence obtained as a result of the traffic stop. The court stated on the record:
 This is a pre-textual stop. I'm suppressing the evidence. It's clear that the only reason this officer was following was to observe some very minor traffic infraction so that the car could be stopped and the canine unit called and I just don't believe that's the way the law ought to work * * *.
The court later issued an entry stating its findings. The court found that: "From the testimony of the officer, this court finds that the stop was not made as a result of a traffic violation, rather that the stop was made solely for the purpose of drug interdiction." Accordingly, the court found that Officer Lytle made the stop "without probable cause" and in violation of Ms. Dennewitz's constitutional rights. The state commenced this appeal pursuant to Crim.R. 12 (J).
 I.
When considering an appeal from a trial court's decision on a motion to suppress evidence, we are presented with a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332. In a hearing on a motion to suppress, the trial court acts as the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Brooks (1996),75 Ohio St.3d 148, 154; State v. Mills
(1992), 62 Ohio St.3d 357, 366. As a reviewing court, we must defer to the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Medcalf
(1996), 111 Ohio App.3d 142, 145; State v. Guysinger (1993),86 Ohio App.3d 592, 594. We must then determine, utilizing ade novo standard of review, whether the trial court reached the correct legal conclusion in applying the facts of the case.Ornelas v. United States (1996), 517 U.S. 690,699, 116 S.Ct. 1657, 134 L.Ed.2d 911; State v. Venham (1994),96 Ohio App.3d 649, 653.
 A.
In its first assignment of error, the state contends that the trial court incorrectly interpreted Ohio's traffic laws because it "held, in effect, that failure to signal one hundred feet prior to turning does not constitute a traffic violation under Ohio law." The state argues that the trial court's purported holding belies the plain language of R.C. 4511.39, which requires a driver to signal a turn for at least one hundred feet prior to turning.[1] We disagree with this characterization of the trial court's decision.
Significantly, the trial court did not say, in either its judgment entry or the hearing on the motion to suppress, that a failure to signal within one hundred feet of making a turn is not a violation of this state's traffic laws. The trial court merely observed at the hearing that, in his thirty years of experience, he had "never heard of anybody getting a ticket for not turning his turn signal on far enough ahead of an intersection * * *." The court made clear, however, that its rationale in granting Ms. Dennewitz's motion to suppress was that the purported violation of R.C. 4511.39 was merely a pretext for Officer Lytle to investigate his suspicions about illegal drug activity. Indeed, the entry granting the suppression motion expressly stated that Officer Lytle stopped Ms. Dennewitz "solely for the purpose of drug interdiction." Thus, the court's decision that Officer Lytle made a pretextual stop (an issue we examine below) was the driving force behind its decision, not a belief that failure to signal within one hundred feet of a turn is not a violation of Ohio law.
Insofar as the state's first assignment of error inaccurately characterizes the trial court's rationale for granting the motion to suppress, it is overruled.
 B.
We analyze the state's second and third assignments of error together, as they raise interrelated issues concerning the trial court's finding that Officer Lytle impermissibly effectuated a "pretextual" traffic stop. The court decided that Officer Lytle's subjective intent in stopping Ms. Dennewitz was to investigate "drug interdiction," not to enforce R.C. 4511.39, and that Officer Lytle therefore made the stop "without probable cause, and in violation of the defendant's [constitutional] rights * * *." The state argues under these assignments of error that the trial court impermissibly focused upon Officer Lytle's subjective motivation for the stop rather than whether the officer had probable cause to stop Ms. Dennewitz for a traffic violation. We agree with the state that the trial court utilized the incorrect standard for assessing the constitutionality of the traffic stop in this case.
Under these assignments of error, the state argues that Officer Lytle had "probable cause" to stop Ms. Dennewitz for violating R.C. 4511.39. However, the existence of probable cause is not the measure of testing the constitutionality of a traffic stop. A traffic stop is constitutionally permitted when a police officer has a "reasonable articulable suspicion" that a criminal violation has occurred or is occurring. Delaware v. Prouse
(1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 662; see, also, State v. Woods (1993), 86 Ohio App.3d 423, 424. "Reasonable articulable suspicion" is a lesser standard than probable cause, and allows an officer to effectuate a stop when there is some objective manifestation of criminal activity involving the person stopped. Id.; see, also, State v. Vansconder
(1994), 92 Ohio App.3d 853, 855. Nevertheless, the state's focus on the higher standard of "probable cause" is of little significance in this case. An officer's observation of a traffic violation provides probable cause to stop the vehicle. See Daytonv. Erickson (1996), 76 Ohio St.3d 3, 11; State v. Cullers (1997),119 Ohio App.3d 355, 358. Because Officer Lytle stopped Ms. Dennewitz after observing a violation of R.C. 4511.39, the traffic stop was based on probable cause.[2]
Despite the existence of a technical violation of the traffic laws, the trial court granted Ms. Dennewitz's motion. The court believed that Officer Lytle's purported justification was merely a pretext for investigating a more serious crime for which he did not have reasonable suspicion or probable cause to justify a stop. We have no reason to doubt the trial court's finding that Officer Lytle was unconcerned with Ms. Dennewitz's technical traffic violation. There is ample support in the record to conclude that Officer Lytle's subjective motivation for stopping Ms. Dennewitz was to investigate his suspicions of drug activity and not to enforce R.C. 4511.39's turn signaling requirements. Nevertheless, the officer's stated reason for the traffic stop being "pretext" does not render it unconstitutional. Both the Ohio Supreme Court and the United States Supreme Court have rejected the notion that pretextual stops are unconstitutional.Whren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769,1774-75, 135 L.Ed.2d 89, 97-98; Dayton v. Erickson, supra,76 Ohio St. 3d at 3, syllabus. The constitutional requirement of "reasonableness" with respect to searches and seizures "allows certain actions to be taken in certain circumstances, whatever
the subjective intent." Whren, 116 S.Ct. at 1775 (emphasis sic). So long as an officer has articulable reasonable suspicion or probable cause for any criminal violation, including a minor traffic violation, a traffic stop is constitutionally valid regardless of the officer's subjective motivation for stopping the vehicle. Erickson, 76 Ohio St.3d at 12. Given that Officer Lytle had probable cause to stop Ms. Dennewitz for a technical violation of R.C. 4511.39, his initial traffic stop was constitutionally valid.[3]
We agree with the trial court's viewpoint that a pretextual stop based on a very minor traffic infraction is not "the way the law ought to work." As a practical matter, validating pretextual stops creates the danger that officers will stop individuals based on nothing more than a hunch of more serious criminal activity. Erickson, supra, 76 Ohio St.3d at 12 (Pfeifer, J., dissenting). Indeed, in this case, Officer Lytle had nothing more than a hunch of illegal drug activity, based solely on a car having driven through a "high drug sales area." Thanks to Ms. Dennewitz activating her turn signal less than one hundred feet before she made a right turn, Officer Lytle was afforded the chance to see if his hunch was correct. Nevertheless, despite the pretextual nature of the stop, we are bound to follow the law as set forth in Whren and Erickson. A pretextual stop is not an unreasonable seizure within the meaning of the Ohio or United States constitutions.
Accordingly, the second and third assignments of error are sustained. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] R.C. 4511.39 states in part:
 No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
 When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning. * * *
Despite use of the phrase "when required," courts have interpreted R.C. 4511.39 as making use of a turn signal mandatory, with failure to do so resulting in a traffic violation. See, e.g., State v. Richardson (1994), 94 Ohio App.3d 501,505; State v. Lowman (1992), 82 Ohio App.3d 831, 835; Statev. Wallis (Feb. 2, 1993), Gallia App. No. 92CA16, unreported.
[2] Ms. Dennewitz cogently argues that the trial court did not
find that Officer Lytle observed a traffic violation. She insists that the trial court did not believe Officer Lytle's testimony and instead found that no traffic violation occurred that would have justified a stop. We must reject Ms. Dennewitz's interpretation of the trial court's rationale. The record demonstrates that the trial court granted the motion to suppress based upon its view that the traffic violation was simply a "pretext" for a drug investigation. A pretextual stop occurs when police use a legal justification for making the stop in order to investigate an unrelated crime for which they do not have probable cause or reasonable suspicion. State v. Richardson,supra, 94 Ohio App.3d at 506; see, also, State v. Whitsell
(1990), 69 Ohio App.3d 512, 518. Thus, the court's decision that Officer Lytle's stop was "pretextual" implicitly concludes that he had a legal justification, i.e. probable cause or reasonable suspicion, to effectuate a traffic stop based on observation of a minor traffic violation. The trial court's observation that the traffic stop lacked "probable cause" refers to its finding that Officer Lytle did not have the requisite suspicion to investigate drug activity.
[3] Our holding in this case pertains to Officer Lytle's initial stop of Ms. Dennewitz, as that was the only issue decided by the trial court below. The question of whether the continued detention of Ms. Dennewitz for purposes of a drug investigation can be constitutionally justified is not presently before us. But, cf., State v. Robinette (1997),80 Ohio St.3d 234.