OPINION
This timely appeal arises from the judgment of the East Liverpool Municipal Court finding Appellant guilty of Driving Under the Influence, in violation of R.C. §§ 4511.19 (A)(1) and (3), and for driving under a court suspended license, in violation of R.C. § 4507.02 (D)(2). Appellant contends that the trial court committed reversible error by overruling his Motion to Suppress. For the following reasons, this Court affirms the decision of the trial court.
We note at the outset that the State has failed to file a brief in this matter. This Court, pursuant to App.R. 18 (C), may accept as true the facts set forth in Appellant's brief.
At 12:31 a.m. on April 5, 1997, the St. Clair Township, Columbiana County, Police Department received an anonymous tip by means of a telephone call complaining that subjects in a pickup truck were "partying". Patrolman Brian McKenzie ("McKenzie") responded to the call and, while en route to the last known location of the pickup truck referred to by dispatch, encountered a pickup truck being operated by Appellant. McKenzie recognized Appellant from a previous DUI investigation and believed Appellant's driver's license to be suspended.
Acting on this belief, McKenzie requested police dispatch to run Appellant's license plate number through L.E.A.D.S. Dispatch responded that Appellant had no driving privileges and McKenzie then initiated a traffic stop.
McKenzie approached the vehicle and Appellant notified him that he did not have his driver's license. McKenzie noticed an odor of alcohol emanating from Appellant and requested Appellant to exit the vehicle. When Appellant opened the vehicle's door, McKenzie noticed an open beer bottle in the driver's side door panel. McKenzie then administered a series of road-side sobriety tests. Based on the results of those tests, McKenzie placed Appellant under arrest for DUI. Patrolman Ramsey of the St. Clair Township Police Department transported Appellant to the police department for a B.A.C. test. Following two unsuccessful tests, Appellant registered a .145 B.A.C.
Subsequently, Appellant was charged with DUI and driving under suspension. Appellant pleaded not guilty to the charges and filed a Motion to Suppress/Motion to Dismiss challenging McKenzie's reasonable suspicion to initially stop Appellant and challenging McKenzie's probable cause to arrest Appellant. At the hearing on the motion, McKenzie testified to the circumstances of the arrest, including the field sobriety tests. (Tr. pp. 9-17, 25-30.) Due to the lack of a written report regarding the tests, McKenzie could not specify exactly what led to his determination that Appellant failed the field sobriety tests. (Tr. p. 15.) McKenzie could only state that he remembered that Appellant had failed the tests. (Tr. p. 15.)
Subsequently, the court overruled Appellant's motion and set the case for trial. Appellant then changed his plea to no-contest and the court found Appellant guilty of all charges and sentenced Appellant accordingly. The court stayed the sentences pending appeal.
In Appellant's first assignment of error, he contends that:
 THE TRIAL COURT ERRED to the PREJUDICE of the DEFENDANT-APPELLANT by OVERRULING DEFENDANT'S PRE-TRIAL MOTION to SUPPRESS/MOTION to DISMISS and FINDING REASONABLE and ARTICULABLE SUSPICION for the INITIAL STOP of DEFENDANT'S VEHICLE.
Included in this assignment of error is the following issue presented for our review:
 "Whether the trial court committed reversible error in finding that the arresting officer had the requisite reasonable and articulable suspicion of criminal activity to stop the defendant's vehicle."
We answer this question in the negative. When reviewing a motion to suppress, an appellate court may not disturb a trial court's ruling when that ruling is supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288. Furthermore, an appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the credibility of witnesses, but independently determines, "without deference to the trial court, whether the court has applied the appropriate legal standard." State v.Anderson (1995), 100 Ohio App.3d 688, 691.
Appellant argues that in this case the initial stop was impermissibly based on McKenzie's personal recollection that several months earlier Appellant's license may have been suspended. As such, Appellant maintains that the trial court erred in finding that the traffic stop was justified.
We disagree with Appellant's contention. The record before this Court clearly indicates that the initial stop was based on the results obtained from the L.E.A.D.S. check of Appellant's license plates. As a general proposition, "an investigatory stop must be justified by some form of criminal activity." State v. Woods
(1993), 86 Ohio App.3d 423. This court has previously explained this principle when we noted, "that to justify the stop of a motorist, the officer must have an `articulable and reasonable suspicion that [the] motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law.'" State v.Drogi (1994), 96 Ohio App.3d 466, 468, quoting Delaware v. Prouse
(1979), 440 U.S. 648, 663; See, also, State v. Chatton (1984),11 Ohio St.3d 59, 463. A request to police dispatch to run a motor vehicle's license plate number through the computerized L.E.A.D.S. does not constitute a stop. State v. Owens (1991),75 Ohio App.3d 523, 525. Therefore, a police officer's reason for running a check on a license plate is irrelevant. State v. Lane (June 1, 1994), Coshocton App. No. 93-CA-23, unreported.
In this case, McKenzie had an "articulable and reasonable" suspicion sufficient to justify stopping Appellant's vehicle when he learned subsequent to this check that Appellant's driving privileges were under suspension. Since we find that the trial judge's decision was based on competent and credible evidence and that the correct legal principles were employed, Appellant's first assignment of error is overruled.
In his second assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED to THE PREJUDICE of the DEFENDANT-APPELLANT by OVERRULING DEFENDANT'S PRE-TRIAL MOTION to SUPPRESS/MOTION to DISMISS and FINDING PROBABLE CAUSE to ARREST the DEFENDANT for a VIOLATION of OHIO REVISED CODE SECTION 4511.19 (A)(1)."
This assignment of error implicates the following issue presented for our review:
 "Whether the trial court committed reversible error in overruling Defendant's motion to suppress/motion to dismiss by finding that the arresting officer had probable cause to arrest the Defendant for a violation of Ohio Revised Code Section 4511.19 (A)(1) and (3) where the arresting officer testified that the Defendant failed field sobriety tests but could not set forth which clues he observed or for what reason the Defendant failed each of the tests."
In essence, Appellant suggests that Officer McKenzie's failure to specifically document each portion of each field sobriety test that Appellant failed requires this Court to conclude that there was no probable cause to support Appellant's arrest.
Pursuant to State v. Winand (1996), 116 Ohio App.3d 286, this Court will affirm the lower court's ruling that the arresting officer had probable cause to arrest appellant for DUI when that ruling is supported by competent and credible evidence. Id. at 288. This court must defer to the lower court's determination of the credibility of witnesses. State v. Anderson (1995), 100 Ohio App.3d 688,691.
To determine whether an officer had probable cause to arrest a suspect, a court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol. Beck v. Ohio (1964), 379 U.S. 89, 91. A court must evaluate the totality of the circumstances when making such a determination. State v. McCaig (1988), 51 Ohio St.3d 94,94. Furthermore, an arrest for DUI need only be supported by the officer's observation of indications of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. State v. Van Fossen (1984) 19 Ohio App.3d 281, 283.
In considering the totality of the circumstances of the present case, there was sufficient evidence to support the trial court's finding that McKenzie had probable cause to arrest appellant. McKenzie's testimony based on his personal observations demonstrated that he had several indications of Appellant's alcohol consumption. There was mild odor of alcohol about Appellant. (Transcript, p. 31). Appellant's eyes were watery. (Transcript, p. 9). McKenzie observed a quart bottle of cold beer in the driver's side door panel of Appellant's vehicle which was three-quarters empty. (Transcript, p. 9). McKenzie noted that all of the occupants of Appellant's vehicle had open containers of alcohol. (Transcript, p. 28). Finally, McKenzie positively testified that Appellant failed all field sobriety tests which he administered, even though he was unable to recall exactly which portions of these tests Appellant failed. (Transcript, pp. 9-18).
Appellant suggests that McKenzie's inability to state with specificity why Appellant failed the field sobriety tests calls into question the credibility of McKenzie's entire testimony surrounding his probable cause to arrest Appellant. The trier of fact, however, is the sole judge of the credibility of the witnesses and a reviewing court cannot invade the province of the trier of fact as to the credibility of witnesses. State v.Parsons (April 10, 1992), Columbiana App. No. 90-C-70, unreported, citing, State v. Swiger (1966), 5 Ohio St.2d 151. We may not second guess the trial judge on this issue.
Viewed in light of the totality of the surrounding circumstances, there was a substantial amount of competent evidence to support a finding of probable cause giving rise to Appellant's arrest. Appellant's second assignment of error is overruled.
Finding both of Appellant's assignments of error lack merit, they are accordingly overruled and the judgment of the East Liverpool Municipal Court is hereby affirmed.
JUDGMENT: Affirmed.
VUKOVICH, J., AND DONOFRIO, J., CONCURS.
APPROVED:
 ____________________________________ CHERYL L. WAITE, JUDGE