OPINION
Richard Cuccia appeals from his conviction in the Montgomery County Common Pleas Court of one count of possession of more than 20,000 grams of marijuana pursuant to his no contest plea.
On December 26, 1998 at 10:00 a.m., Officer Dennis Krust of the Englewood Police Department was dispatched to the Holiday Inn in Englewood on the report of a private property accident. While enroute to the Holiday Inn, the dispatcher advised that "the vehicle that hit the canopy of the Holiday Inn was leaving the scene." Krust was advised of a description of the vehicle, its license number, and the direction the vehicle was headed.
At the suppression hearing Krust testified he got up on eastbound I-70 and headed eastbound. Krust said he saw a motor home ahead of him which matched the description provided by the dispatcher. Krust testified he stopped the defendant's motor home and informed him why he was stopping him. Krust testified that the defendant admitted that he was involved in the accident but that he had offered to pay for the damage and had left a credit card number and insurance information at the Holiday Inn.
Krust testified that he needed more information to make his report and asked for the defendant's driver's license and insurance information which the defendant provided. Krust testified that the defendant provided him an out-of-state occupational driver's license. Krust said he returned to his cruiser to radio the dispatcher to check the validity of the defendant's license. While he was waiting for the dispatcher's response, Krust noticed that the occupational license did not provide for driving privileges in Ohio. Krust stated the defendant told him he had verbal permission to drive in Ohio, but could provide no other proof that he had a valid driver's license. The defendant stated he had his regular license taken away for drinking.
Krust stated he then arrested the defendant when dispatch confirmed that the defendant was driving without privileges in Ohio and informed the defendant that he was going to tow his vehicle from the highway berm. Krust testified he asked the defendant if he had any items of value in the vehicle as he was going to inventory the vehicle. Krust said the defendant stated he wanted to speak to a lawyer.
Krust testified that Officer William L. Davis of the Butler Township Police Department arrived on the scene and assisted in the inventory of the vehicle. Krust testified that it was his department's policy to inventory all vehicles that are towed. In inventorying the vehicle, Krust testified he opened unlocked drawers or cupboards and discovered seventeen tightly wrapped bundles which appeared to contain narcotics. Krust testified he completed a written inventory of all valuable items in the motor home and had it towed to his department's service center.
Krust testified that a few hours later a search warrant was obtained for the vehicle and it was searched at the service center and more bundles of narcotics were recovered.
On cross-examination, Krust admitted that because he was informed by the dispatcher that the defendant smelled of marijuana at the scene of the accident, he thought he might find drugs in defendant's motor home.
Officer Eric Totel of the Englewood Police Department testified he was familiar with the towing policy of the department. He identified the Department's towing and impoundment policy. (State's Ex. 7). That policy provides that police officers are authorized to impound a vehicle found upon a street or highway when any vehicle left unattended constitutes a hazard or obstruction to the normal movement of traffic or is left unattended due to the arrest of the operator. The policy also provides that the vehicle is to be inventoried by the officer before it is removed by the tow truck driver.
Totel testified that in his six years on the Englewood Police Department he has never known a vehicle to be left on the highway by the department if somebody was arrested. (Tr. 117).
In his first assignment, appellant alleges that the search of his vehicle was constitutionally unreasonable because Officer Krust stopped his vehicle without reasonable suspicion that he had committed a crime.
Appellant argues that he was stopped unlawfully because he did not violate the hit/skip statute, R.C. 4549.021. That statute requires that when there is a traffic accident resulting in injury or property damage on private property, the person driving "shall stop, and, upon the request of the person injured or damaged, or any other person, shall give such person his name and address, and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, and, if available, exhibit his driver's license or commercial driver's license." The statute goes on to state that if the above-mentioned information is not provided at the time of the accident, the driver shall provide it, along with the date, time, and location of the collision, to the local police department within twenty-four hours of the accident.
Appellant asserts that the officers involved in this matter acknowledged that he stopped his vehicle after the accident and offered to pay cash for the damage he caused and the motel knew of his name, address, and credit card information.
Officer Michael Swisher of the Englewood Police Department testified he overheard the initial police dispatch of Officer Krust to the Holiday Inn. He testified he was informed a short time later by the dispatcher that the vehicle involved in the accident had left the scene and turned south on Main Street. Officer Swisher stated he joined the search for the hit and run vehicle by heading south on Main while Officer Krust went up on Interstate 70. When he was unsuccessful in locating the suspect's vehicle Swisher returned to the Holiday Inn to observe the damage to the motel canopy and to interview possible witnesses. It was at this time that Swisher learned from one of the motel clerks that the defendant had offered to pay for the damage he caused in cash. (Tr. 76). Officer Swisher said it was his understanding from the witnesses that the defendant had not provided a driver's license and insurance information to the hotel employees. (Tr. 77). The defendant did provide the motel his address when he checked into the motel but he paid for the bill in cash. (Defense Ex. F).
The appellant argues that Officer Krust had no grounds to stop him on the highway because he did not violate R.C. 4549.021. He contends that he did not violate the hit/run law because the State failed to show that anyone requested his name and address, his registration, or his driver's license. He also notes that he didn't violate the hit/run statute because he had twenty four hours to provide the required information. Lastly, he argues that by supplying the motel with his name, address, credit card number, and the offer to pay cash for the damage, he substantially complied with R.C. 4549.021. That statute provides in pertinent part:
 In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give such person his name and address, and, if he is not the owner, the name and address, of the owner of such motor vehicle, together with the registered number of such motor vehicle, and, if available, exhibit his driver's or commercial driver's license.
The State argues that appellant's argument is misguided because it is irrelevant whether appellant could be convicted beyond a reasonable doubt of violating R.C. 4549.021. We agree.
It is well established that a police officer may conduct a traffic stop of an individual driving a motor vehicle when the officer has a reasonable suspicion, based on specific and articulable facts, that a criminal violation has occurred. Statev. Woods (1993), 86 Ohio App.3d 423, 424-425, 621 N.E.2d 523,524-525. The officer is not required to prove that the suspect committed an offense beyond a reasonable doubt or even to satisfy the lesser standard of probable cause to believe that defendant violated the law. The propriety of an investigative stop must be viewed in light of the totality of circumstances. State v.Andrews (1991), 57 Ohio St.3d 86.
In this case Officer Krust received information that a particularly described vehicle had struck the canopy of the Holiday Inn and was leaving the scene. Because of the proximity of the interstate highway to the motel, it was necessary for Officer Krust to take immediate action to prevent the alleged hit/skip driver from getting away. Krust was not required to wait twenty four hours to see if the suspect would comply with the law. Krust was not informed that appellant had offered to pay cash for the damage he caused until he had already stopped the appellant. In any event Officer Krust was not required to believe the appellant. It was reasonable for Officer Krust to ask the appellant to produce his driver's license and when he could not provide evidence of having driving privileges in Ohio, it was reasonable to arrest him for driving with a suspended or revoked driver's license. The first assignment of error is overruled.
In appellant's second assignment, he contends the trial court erred in not suppressing the drugs found in his vehicle because the inventory search was pretextual. Appellant argues that Officer Krust's purpose in searching his motor home was not to conduct a proper inventory search, but to search for the marijuana he suspected appellant was transporting.
The State argues that Officer Krust conducted a good faith inventory search of the appellant's motor home pursuant to the standardized procedures of the Englewood Police Department. The State notes that there were at least three legitimate bases for impounding the defendant's vehicle pursuant to the Department's policy.
An inventory search of a lawfully impounded vehicle is a well-defined, valid exception to the Fourth Amendment warrant requirement when that search is conducted in good faith rather than as a pretext for an investigative search and when it is conducted in accordance with standardized police procedures or established routine. State v. Hathman (1992), 65 Ohio St.3d 403,604 N.E.2d 743, paragraph one of syllabus, citing Florida v.Wells (1990), 495 U.S. 1, 110 S.Ct. 1632; South Dakota v.Opperman (1976), 428 U.S. 364, 96 S.Ct. 3092; Colorado v. Bertine
(1987), 479 U.S. 367, 107 U.S. 738.
The trial court's determination that the search conducted by Officer Krust was not pretexual is supported by our review of the record. The impoundment of the defendant's vehicle and the inventory search were conducted in furtherance of the Englewood Police Department policy. The defendant was arrested on an interstate highway and he was alone. His motor home was parked on the highway berm in a position to be hazardous to oncoming highway traffic. The impoundment of the defendant's vehicle was not unusual. Indeed Detective Totel had never known of a vehicle being left on the highway if someone operating the vehicle had been arrested. The fact that Officer Krust also suspected the defendant might be transporting marijuana did not require a finding by the trial court that the inventory search was pretexual. The second assignment of error is also overruled.
In his third assignment, appellant contends the inventory search conducted by Officer Krust was improper because the search was conducted before his vehicle was towed off the highway, there was no necessity for an inventory since no valuables were in plain view, the appellant was not given an opportunity to have his vehicle removed by someone other than a towing company, and the department policy left too much discretion in the arresting officer in whether to impound and have a vehicle towed from the highway.
The third assignment is wholly without merit.
The Ohio Supreme Court has specifically rejected Cuccia's claim that an inventory search should only be conducted after the vehicle has actually been impounded. See, e.g., State v. Peagler
(1996), 76 Ohio St.3d 496, 501-2, citing Colorado v. Bertine
(1987), 479 U.S. 367, 372-73, 107 S.Ct. 738, 741-42. It is often more appropriate and efficient for an officer to inventory a vehicle while he waits for a tow truck to arrive and before the vehicle has been released to that driver.
An inventory search is not limited to items found in plain view. State v. Semenchuk (1997), 122 Ohio App.3d 30, 40, citingSouth Dakota v. Opperman (1976), 428 U.S. 364, 96 S.Ct. 3092;State v. Otte (1996), 74 Ohio St.3d 555, State v. Hathman (1992),65 Ohio St.3d 403; State v. Robinson (1979), 58 Ohio St.2d 478. Officers may inventory the contents of closed containers and compartments so long as the search is administered in accordance with reasonable police procedures. State v. Mesa (1999),87 Ohio St.3d 105, 109-12, 717 N.E.2d 329, 333-35; Peagler, supra, at paragraph two of syllabus; Hathman, supra, at paragraph two of syllabus. Such a search is not pretexual in nature. Peagler, supra,
at paragraph two of syllabus. In the instant case Officer Krust is required by department policy to inventory any vehicle that he has towed. (Tr. 19-20; 118-22; State's Ex. 7). Also it is not necessary that valuable items be seen by the officer before an inventory search is justified. An inventory is justified to protect police from the claim that valuable items were actually present in the vehicle although concealed from view.
Third, the state is not required to prove that there was no alternative to towing the vehicle. Bertine, supra, at 373,107 S.Ct. at 742; State v. Gordon (1994), 95 Ohio App.3d 334, 338-39,642 N.E.2d 440, 442, both quoting Illinois v. Lafayette (1983),462 U.S. 640, 647,130 S.Ct. 2605. The decision to tow in the instant case was not unreasonable as Cuccia was the only occupant of the out-of-state motor home, and the vehicle would have presented a hazard to other drivers if it had been left parked on the shoulder of the interstate.
 _________________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.