THE STATE OF OHIO, APPELLANT, *v.*
TAYLOR, APPELLEE.

(No. C-810119—Decided December 30, 1981.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman* and *Ms. Dolores J. Hildebrandt,* for plaintiff-appellant.

*Mr. James G. Keys,* for defendant-appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

On October 27, 1980, defendant-appellee Troy Taylor was stopped for speeding. The arresting officers detected an odor of an alcoholic beverage about Taylor's person. After being advised of the Ohio Implied Consent Law pursuant to R.C. 4511.191, Taylor performed breathalyzer and urine tests. Thereafter Taylor was charged for driving under the influence of alcohol in violation of R.C. 4511.19. Subsequently, Taylor moved to suppress the tests, and after a hearing on the motion, the trial court granted his request. Appellant (the state) assigns as its sole error the trial court's granting the motion to suppress and claims there was sufficient evidence to establish probable cause for an arrest for driving under the influence.

The record *sub judice* is silent as to the speeding excess so that we have no information to indicate that it was other than nominal.[1] The act of speeding at a

---

[1] The appellant's brief indicates that defendant was traveling sixty-five mph in a fifty mph zone. Presumably, the state derives its information from a separate speeding citation for which appellee has paid the fine and which is not before this court.

nominal excess coupled with the arresting officers' perception of the odor of alcohol, and *nothing more,* did not furnish probable cause to arrest the defendant for driving under the influence. If this is true, as we conclude, the officers had no authority to require the defendant to elect between the alternatives presented by R.C. 4511.191, *viz.,* undertake the incriminating tests or suffer a six months' driving suspension, and the trial court properly suppressed the results of all tests.

We would emphasize that we have no real wish to hamper the enforcement of laws against the drunken driver, who is unarguably a real and present danger to society. If we were able to find anything in this record which would have indicated the existence of some reasonable indicia of operation under the influence of alcohol, we would not hesitate to reverse the trial court's decision in suppressing the tests. However, we do not find this to be the case. The mere odor of alcohol about a driver's person, not even characterized by such customary adjectives as "pervasive" or "strong," may be indicia of alcohol ingestion, but is no more a probable indication of intoxication than eating a meal is of gluttony. For better or worse, the law prohibits *drunken* driving, not driving after a drink.

Nor would we consider an uncomplicated speed violation, only nominally in excess of the *prima facie* limit, without any weaving, improper lane changing, or other indication of impaired control of the vehicle, corroborative evidence of intoxication. We seriously doubt many persons reading these lines have not found themselves at one time or another several miles over the speed limit, without the benefit of any stronger stimulant than coffee.

The sole assignment of error is meritless. We affirm.

*Judgment affirmed.*

PALMER, P.J., KEEFE and DOAN, JJ., concur.