THE STATE OF OHIO *v.*
MONTERRUBIO.█

(No. 86-TRC-10943—Decided
March 11, 1987.)

Massillon Municipal Court.

*James C. DeLong,* prosecuting attorney, for plaintiff.
*Roy Gutierrez,* for defendant.

MUSSER, J. This matter came on to be heard by the court on defendant's motion to suppress. While defendant's motion addresses several issues, for the purpose of this entry the court will address the issue of probable cause.

The arresting officer was on routine patrol in the vicinity of Brunnerdale Road and Hills and Dales Road in Jackson Township at approximately 9:19 p.m. when he observed a van make a right turn onto Hills and Dales Road and stop at the edge of the roadway. The arresting officer's testimony was that there was "no bad driving" and that when the van stopped his sole purpose in approaching the vehicle was to see if he could be of assistance. The officer testified that when he approached the vehicle the driver, defendant, Albert C. Monterrubio, and the passenger were engaged in a conversation. When he reached the vehicle, the officer smelled a moderate odor of alcohol and then conducted roadside sobriety tests. The defendant was taken into custody and the passenger was permitted to drive the vehicle from the scene.

The arresting officer then issued complaints for operating a motor vehicle while under the influence, and parking on a roadway. R.C. 4511.66 provides in part that no person shall stop or park upon the paved or main traveled part of the highway, *if practicable to stop, park or so leave such vehicle off the paved or main traveled part of said highway.*

The Fourth Amendment to the

1

Constitution of the United States and Section 14, Article I of the Ohio Constitution provide that "[t]he right of the people to be secure in their persons * * * and [effects], against unreasonable * * * seizures, shall not be violated, and no warrant shall issue but upon probable cause."

Probable cause is "reasonable grounds to believe" that the driver had been "under the influence" in the sense that his ability to drive had been substantially adversely affected or impaired. *State* v. *Hardy* (1971), 28 Ohio St. 2d 89, 57 O.O. 2d 284, 276 N.E. 2d 247. Probable cause is an elusive, flexible concept but it has been held to mean more probable than not, and more than mere suspicion. *Brinegar* v. *United States* (1949), 338 U.S. 160, and *Draper* v. *United States* (1959), 358 U.S. 307. It is a factual question for the trial court. *Beck* v. *Ohio* (1964), 379 U.S. 89, 31 O.O. 2d 80.

The testimony of the arresting officer does not indicate that the defendant performed the roadside sobriety tests poorly. The words "under the influence of alcohol" mean that the accused must have consumed some intoxicating beverage in such quantity that its effect on him was to adversely affect his actions, reactions, conduct, movements, or mental process in such manner as to deprive him of that clearness of intellect and control of himself which he would have otherwise possessed under the circumstances then existing. 29 Ohio Jurisprudence 3d (1981), Criminal Law, Section 2242. Testimony to the effect that the accused's breath smelled of alcohol is not alone sufficient proof that he was intoxicated. *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 3 OBR 224, 444 N.E. 2d 481.

In *Canton* v. *Steckman* (May 12, 1986), Stark App. No. CA-6856, unreported, the defendant was involved in an accident. In the instant case there was no poor driving and no accident.

Driving under the influence of alcohol is a serious crime and affects the courts and citizens on a daily basis. The media and various organizations make constant appeals to persons not to drink and drive, and encourage persons to stop those who are unable to drive from doing so. In the instant situation we may have had a passenger responding to the courts' and media's warnings.

Regardless of the serious nature of the crime, the court cannot follow the theory that the end justifies the means. The court must defend an individual accused's constitutional rights of due process.

The court finds a lack of probable cause for the arrest and sustains the motion to suppress. The charges against the defendant are dismissed.

The court further finds that the results of the Intoxilyzer test shall be suppressed. During the hearing on the motion, the prosecutor stated to the court that the complete log books from the Perry Police Department were not present in the courtroom and were at the police department. The log books were never delivered. However, the prosecutor presented pre- and post-calibration reports without explanation or without testimony as to when or how the certifications, reports, or documents came into his possession. The arresting officer, the state's only witness, remained in the courtroom throughout the hearing. In *State* v. *Walker* (1978), 53 Ohio St. 2d 192, 7 O.O. 3d 368, 374 N.E. 2d 132, the Supreme Court held that certified copies of the log book would qualify as an exception to the hearsay rule. Later, Evid. R. 803 was adopted which provides: "The following are not excluded by the hearsay rule, even though the declarant is available as a witness * * * (8) *Public records and reports.* Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth

(a) the activities of the officer or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * *."

Evid. R. 602 provides in part that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. * * *"

In the instant case there was no qualified witness to testify as to the records in question being part of the official log books maintained by the Perry Police Department and that the prosecutor had taken or copied or had supervised the taking or copying of those records. Therefore, the records cannot be admitted.

It being necessary that the state prove that the Ohio Department of Health regulations were followed concerning the administering of the Intoxilyzer test, the results of the test will not be admitted. The violation of R.C. 4511.19(A)(3) is dismissed.

*Defendant discharged.*