GRACE *v.*
BUREAU OF MOTOR VEHICLES.

44

(No. 88-CVH-884—Decided July 10, 1989.)

Montgomery County Court,
First District.

*James H. McGee,* for petitioner.
*Gregory Spears,* for respondent.

JEFFREY J. FROELICH, J. In order to prevail, the petitioner must prove that the Registrar of Motor Vehicles erred in suspending petitioner's driving privileges pursuant to R.C. 4511.191. The petitioner has not shown that the law enforcement officer did not have reasonable grounds to believe that petitioner was operating a vehicle upon the highway while under the influence of alcohol or that the petitioner was not placed under arrest. Likewise, the petitioner has not shown that he did not refuse to submit to the chemical test upon the request of the officer.

The only question before the court then is whether or not the petitioner, John Grace, was advised, pursuant to the statute, of the consequences of his refusal. The officer has testified that he did not read the full form supplied by the state to the petitioner because the petitioner was so belligerent and adamant in his refusal to participate in the process. More specifically then, the question before the court is whether an operator of a vehicle must be advised of the consequences of a refusal, even if he has already refused and even if he is unwilling to listen to the consequences of such refusal. R.C. 4511.191(C) requires that any person arrested for operating a vehicle under the influence of alcohol or drugs, or both, shall be advised of the conse-quences of his refusal to submit upon request to a chemical test designated by a law enforcement officer. Subsection (C) also provides that the advice shall be in written form prescribed by the Registrar of Motor Vehicles and shall be read to the person. In subsection (D), the statute permits the Registrar of Motor Vehicles to suspend a person's license if, among other things, the person was advised of the consequences of his refusal as provided in subsection (C). In subsection (F), the statute sets forth the subject matter of the hearing and allows the scope of the hearing questioning the action of the Registrar of Motor Vehicles to include whether the petitioner was advised of the consequences of his refusal.

The officer testified in this case that he did not read the entire form to the petitioner and is not sure how much he did read although he does believe he read the portion having to do with the consequences of the refusal. The court has no alternative but to find, as a matter of fact, that the petitioner was not advised of the consequences of his refusal in the manner prescribed by R.C. 4511.191(C).

The question now becomes whether such failure is grounds to sustain the petition and set aside the suspension. Generally, Ohio law is that the driver need not subjectively understand the consequences of his refusal and that the refusal need not be knowingly or intelligently made. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 54 O.O. 2d 254, 267 N.E. 2d 311, paragraphs three and four of the syllabus; *State* v. *Taylor* (1981), 3 Ohio App. 3d 197, 3 OBR 224, 444 N.E. 2d 481. The court's attention is also directed to R.C. 4511.191(B), which states that a person who is "dead or unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn [his implied] consent * * *." We therefore

have a statute which finds that a person operating a vehicle in Ohio has been advised and will sustain a suspension even if he did not understand the advice, and which finds consent to a test to have been given even if he is dead or unconscious. In light of this, it is inconceivable that the legislature intended for officers to go through the futile charade of trying to out-yell a bellicose and recalcitrant driver and read the entire form when it does not matter whether he hears it anyway. If a petitioner demonstrates by a preponderance of evidence that the entire form was not read to him, the burden then shifts to the respondent to demonstrate that this failure to read the form was caused by the petitioner's voluntary actions *and* that reading the form would have been dangerous to the officer or petitioner or could not have been accomplished in a fashion that would have had a reasonable likelihood of being listened to by the petitioner.

The facts in this case support a finding that the failure to read the complete form was caused by the petitioner's voluntary acts and that the reading of the form could not have been accomplished in a fashion that had any reasonable likelihood of its being listened to by the petitioner.

The petition is denied.

*Petition denied.*