OPINION
Defendant, Beverly Blosser, appeals her conviction and sentence for driving under the influence of alcohol, which was entered upon her no contest plea after her motion to suppress evidence was overruled. We affirm.
Defendant assigns the following error:
 Where testimony at the evidentiary Motion to Suppress hearing shows the Officer lacked probable cause to arrest for OMVI, the trial court errs in overruling said Motion.
On January 18, 1999, defendant was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), operating a motor vehicle with a prohibited breath alcohol level in violation of R.C.4511.19(A)(3), operating a motor vehicle while under license suspension in violation of R.C. 4507.02(B)(1), failure to drive within marked lanes of traffic in violation of R.C. 4511.33, drug abuse in violation of R.C. 2925.11, and possession of a drug abuse instrument in violation of R.C. 2925.12.
Defendant initially entered not guilty pleas to all charges. She filed a pretrial motion to suppress evidence gathered at the traffic stop and subsequent arrest, arguing, interalia, that there was no probable cause to arrest her. Following an evidentiary hearing, the trial court overruled defendant's motion.
Defendant thereafter pled no contest to driving under the influence and drug abuse, and the court subsequently found her guilty of those charges. All other charges were dismissed at the request of the prosecution. On the driving under the influence charge, defendant was sentenced to one hundred eighty days in jail; however, one hundred seventy of those days were suspended. She was also fined five hundred dollars plus court costs. Her operator's license was suspended for one year, and she was placed on probation for two years. On the charge of drug abuse, defendant was fined one hundred dollars plus court costs.
Testimony and other evidence offered at the suppression hearing established the following facts. At approximately 11:30 p.m. on January 18, 1999, Officer Susan Young of the Hilliard Police Department was on patrol traveling southbound on Hilliard-Rome Road when she observed defendant's vehicle drift left of center, and cross the double yellow line that separated her lane of traffic from the oncoming travel lane. Defendant remained left of center for approximately twenty feet. Defendant then drifted back into her own lane of traffic. She again drifted left of center, then back into her own lane of travel, then across the white fog line on the right side of the lane, and then back into her own lane again.
After defendant again drifted left of center, Officer Young activated the police cruiser's beacons. Defendant did not immediately pull over. She slowed to approximately twenty-five miles per hour (in a forty-five mile per hour zone) and continued driving for approximately one hundred yards. She turned right onto Roberts Road and drove into a parking lot, eventually pulling into a marked parking space after Officer Young twice activated the cruiser's air horn.
Officer Young exited her cruiser and walked to the driver's side of defendant's vehicle. Upon making contact with defendant, Officer Young detected an odor of alcohol about defendant's person. Officer Young asked to see defendant's license. Upon review of a driving privileges entry eventually produced by defendant, Officer Young determined that defendant was outside the scope of her driving privileges. As Officer Young questioned defendant, she observed that defendant's speech was slurred. In response to Officer Young's question regarding her alcohol consumption, defendant stated that she had nothing to drink that evening and, in fact, had not consumed alcohol in four years.
Based upon her belief that defendant was untruthful in her statement that she had not consumed any alcohol, Officer Young administered the Horizontal Gaze Nystagmus ("HGN") test to defendant. Officer Young stated that out of six possible clues suggesting that a person is under the influence of alcohol, she observed four of the clues when defendant performed the test,i.e., lack of smooth pursuit and nystagmus at maximum deviation in both eyes.
Thereafter, Officer Young asked defendant to step out of her vehicle so that she could administer additional field sobriety tests. Defendant refused. Officer Young informed defendant that while she could refuse to take field sobriety tests, she could not refuse to get out of the vehicle. Fearing that defendant might flee the scene, Officer Young opened the driver's door and grabbed hold of defendant's left arm as she stepped out of the vehicle. When Officer Young let go of defendant's arm, defendant was unsteady on her feet, falling forward to the side of the vehicle. When she attempted to stand on her own, she again became unbalanced. After defendant refused Officer Young's request to submit to further field sobriety tests, she was placed under arrest. Upon an inventory search of the vehicle incident to arrest, drug paraphernalia and two baggies of marijuana were found. Defendant subsequently failed a breathalyzer test, which indicated a breath alcohol content of .152 grams of alcohol per two hundred ten liters of breath.
On cross-examination, Officer Young testified that she thought defendant was wearing glasses on the night of the arrest, but could not recall whether defendant had the glasses on when the HGN test was administered. Officer Young admitted that if defendant had been wearing her glasses, it might have affected the results of the test. However, she also stated that while defendant's failing the HGN test factored into her decision to arrest defendant for driving under the influence, the impaired driving, odor of alcohol, slurred speech, and unsteadiness also weighed heavily in her decision.
Hilliard Police Officer James Large testified that he was dispatched to the scene pursuant to Officer Young's request for an additional officer to aid in administering the field sobriety tests. Officer Large corroborated Officer Young's testimony that defendant was administered the HGN test, that she smelled of alcohol, refused to submit to field sobriety tests, slurred her speech, and was unsteady on her feet after exiting her vehicle. On cross-examination, Officer Large admitted that the report he prepared and submitted subsequent to the traffic stop did not contain any information regarding defendant's slurred speech and unsteadiness or the administration of the HGN test.
Defendant testified that she had one drink at a local restaurant prior to the incident in question. She further testified that she did not pull over immediately after noticing the cruiser's beacons because the berm of Hilliard-Rome Road was not wide enough to pull a vehicle over safely. She explained that she slowed to twenty-five miles per hour so that she could pull into the parking lot on Roberts Road. She further testified that she did not engage in conversation with Officer Young and that Officer Young did not administer any field sobriety tests; rather, Officer Young pulled her over, looked at the driving privileges form, pulled her out of her car and placed her under arrest. On cross-examination, she admitted that she refused Officer Young's request that she submit to field sobriety tests and that she was driving outside the scope of her driving privileges.
When considering a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. See State v. Dunlap (1995), 73 Ohio St.3d 308, 314;State v. Fanning (1982), 1 Ohio St.3d 19, 20. Accordingly, a reviewing court is bound to accept the trial court's factual findings if they are supported by competent, credible evidence. See Dunlap, supra; State v. Curry (1994), 95 Ohio App.3d 93, 96. Accepting the factual findings as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court properly applied the substantive law to the facts of the case. Id.
By her assignment of error, defendant contends Officer Young lacked probable cause to arrest her for driving under the influence. After making a valid investigative stop, an officer may investigate a suspect for impaired driving if reasonable and articulable facts exist to support the officer's decision. Statev. Downey (1987), 37 Ohio App.3d 45, 46. Any subsequent arrest must be based upon probable cause to believe the individual has committed a crime. State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. "Probable cause exists where there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that an individual is guilty of the offense with which he or she is charged." State v. Medcalf (1966), 111 Ohio App.3d 142,147, citing Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30, quoting Ash v. Marlow (1851), 20 Ohio 119, paragraph one of the syllabus. In determining whether probable cause exists to arrest a suspect for driving under the influence of alcohol, "the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." Id.,
citing Beck v. Ohio (1964), 379 U.S. 89, 91; 85 S.Ct. 223, 225. Moreover, the arrest must be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol. See State v.Van Fossen (1984), 19 Ohio App.3d 281, 283. In determining whether probable cause exists, this court must look at the totality of the circumstances. Medcalf, supra.
The cases cited by defendant are inapposite. In Statev. Finch (1985), 24 Ohio App.3d 38, the trial court held that where an arresting officer had not observed the individual driving in an erratic or unsafe manner, had not witnessed impaired motor coordination, and had not ordered the individual to perform a field sobriety test, the officer did not have probable cause to arrest the driver for driving under the influence. The court noted that mere physical appearances associated with drunkenness (bloodshot eyes, slurred speech and the odor of alcohol) are not sufficient to constitute probable cause. In State v. Taylor
(1981), 3 Ohio App.3d 197, the trial court suppressed breathalyzer and urine tests for the reason that nominal speeding plus the odor of alcohol and nothing more did not establish probable cause to arrest a person for driving under the influence of alcohol. Id. at 148. Field sobriety tests were not conducted in Taylor.
In the instant case, Officer Young testified as to the indicia of driving impairment, i.e., that defendant operated her vehicle in a dangerous and erratic manner by causing it to cross the center line three times and run off the berm once. In addition, both Officer Young and Officer Large testified regarding the indicia of alcohol consumption. The officers testified that after being stopped, defendant had an odor of alcohol about her person, was unsteady on her feet, and slurred her speech. Officer Young testified that in the HGN test defendant demonstrated four of the six possible clues for being under the influence. Further, defendant's refusal to submit to field sobriety tests is another factor which may be considered in determining the existence of probable cause to arrest for driving under the influence of alcohol. State v. Arnold (Sept. 7, 1999), Butler App. No. CA99-02-026, unreported. (Defendant's refusal to submit to field sobriety tests was properly considered as evidence that he had been driving under the influence.)
Defendant's contention that she may have failed the HGN only because she was not wearing her glasses at the time the test was administered is of little merit. Initially, we note that Officer Young testified only that she could not recall whether defendant had her glasses on when taking the HGN test; she did not state that defendant was definitely not wearing her glasses. Moreover, we reject defendant's underlying suggestion that a failed field sobriety test is mandatory in order to establish probable cause to arrest a suspect for driving under the influence of alcohol. See State v. Heitzenrater (Dec. 7, 1998), Butler App. No. CA98-06-119, unreported.
While each of the foregoing factors individually may not constitute probable cause to arrest for driving under the influence of alcohol, the combination of all the factors is more than sufficient to allow the trial court to conclude that Officer Young had probable cause to arrest defendant for driving under the influence. Because the trial court properly denied defendant's motion to suppress, the assignment of error is not well-taken.
For these reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
LAZARUS and KENNEDY, JJ., concur.