[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Robert Segi appeals from a judgment of the Vandalia Municipal Court, which found him guilty of driving under the influence ("DUI") after overruling his motion to suppress evidence.
The facts of this case are undisputed. Late in the evening of November 1, 1999, Sergeant Jeffrey Dallas of the Ohio State Highway Patrol saw Segi driving southbound on North Dixie Drive in a van. Sergeant Dallas, who was also traveling southbound on North Dixie, observed Segi drive his van over the right lane edge marker three times. The third time, Segi crossed over the edge marker by "at least one tire width" and "stayed to the right of that marker for approximately five to ten seconds." Sergeant Dallas activated his overhead lights just as Segi began to turn right onto Buena Vista, the street on which he lived. Segi proceeded into his driveway, which was four houses from the corner, and exited the van along with his brother.
Sergeant Dallas asked Segi whether he had been drinking, and Segi responded that he had. Sergeant Dallas detected a "strong" odor of alcohol from Segi, but he did not observe any other indicia of intoxication. Sergeant Dallas ordered Segi into the back of his cruiser and removed him from his driveway to a nearby parking lot to conduct field sobriety tests. According to Sergeant Dallas, he did this to prevent anyone inside Segi's home from coming out and interfering with the administration of the sobriety tests.
When Segi could not perform the field sobriety tests properly, he was arrested for DUI and was transported to a patrol post. Segi refused to take a breath-alcohol test, and an administrative license suspension was imposed.
Segi pled not guilty and filed a motion to suppress in which he argued that he had been detained unlawfully and that there had not been probable cause for his arrest. The trial court overruled the motion to suppress. The trial court found that Segi had been arrested when he was placed in the rear of the cruiser at his home, rather than after the sobriety tests had been conducted at the nearby parking lot, but that the arrest had nonetheless been proper because the marked lane violations, admission of drinking, and strong odor of alcohol, standing alone, had given Sergeant Dallas probable cause to arrest Segi. The trial court also stated that the traffic violation was not de minimis because the last marked lane violation had lasted five to ten seconds.
It appears from the record that Segi changed his plea to no contest following the ruling on the motion to suppress, upon which he was found guilty by the trial court. He was sentenced to six months in jail, with all but three days suspended, and was fined $1,000, with $800 suspended.
Segi raises three assignments of error on appeal. We address the first two assignments together.
 I. THE TRIAL COURT ERRED IN HOLDING THAT NOTHING MORE THAN A MARKED LANES VIOLATION COUPLED WITH AN ODOR OF AN ALCOHOLIC BEVERAGE IS REQUIRED TO JUSTIFY DETENTION FOR THE PURPOSE OF ADMINISTERING FIELD SOBRIETY TESTS.
 II. THE TRIAL COURT ERRED IN HOLDING THAT NOTHING MORE THAN A MARKED LANES VIOLATION COUPLED WITH AN ODOR OF AN ALCOHOLIC BEVERAGE IS SUFFICIENT TO CONSTITUTE PROBABLE CAUSE FOR AN ARREST FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL.
Segi contends that Sergeant Dallas detained him for field sobriety tests without a reasonable, articulable suspicion of criminal activity and arrested him without probable cause to believe that he had been driving under the influence. Segi relies on State v. Spillers (March 24, 2000), Darke App. No. 1504, unreported, in support of his position. Segi concedes that Sergeant Dallas was justified in detaining him for a traffic violation. Moreover, the state seems to concede that Segi had been arrested when he was placed in the back of the cruiser and removed from the scene of the traffic stop.
Because it is dispositive, we will first address the question of whether Sergeant Dallas had probable cause to arrest Segi when he placed Segi in the back of the cruiser. Probable cause exists where, under the facts and circumstances presented, a prudent person would believe that the offense had been committed. State v. Otte (1996), 74 Ohio St.3d 555,559.
In Spillers, the patrolman testified that he saw the defendant drive on the yellow line and across the white line three times within a span of approximately one mile, and Spillers denied this claim. The patrolman then followed the car for a significant distance during which he did not observe any traffic violations. The trial court characterized the alleged lane violations as "de minimis." When the patrolman stopped the defendant, he detected a "slight" odor of alcohol but did not observe any other indicia of impairment, such as slurred speech or bloodshot eyes. At the time of the stop, Spillers admitted to the patrolman that he had consumed "a couple" of beers. We held that "traffic violations of a de minimis nature are not sufficient, combined with a slight odor of an alcoholic beverage, and an admission of having consumed `a couple' of beers, to support a reasonable and articulable suspicion" of DUI. Spillers, supra.
The facts in Spillers are strikingly similar to the facts in this case except that Spillers smelled "slightly" of alcohol and Segi smelled "strongly" of alcohol. In Spillers, we found that the facts presented did not even create a reasonable, articulable suspicion that the defendant had been driving under the influence so as to justify conducting field sobriety tests. We concluded that "[a] slight odor of an alcoholic beverage is insufficient, by itself, to trigger a reasonable suspicion of DUI, and nominal traffic violations, being common to virtually every driver, add nothing of significance." (Emphasis sic.) Id.
Having found in Spillers that a slight odor of alcohol coupled with a minor traffic violation did not constitute reasonable, articulable suspicion, we cannot rationally conclude that the stronger odor in this case created not only reasonable, articulable suspicion but probable cause to arrest as well. The law prohibits drunken driving, not driving after a drink. State v. Taylor (1981), 3 Ohio App.3d 197, 198; Spillers,supra. Smelling too drunk to drive, without other reliable indicia of intoxication, is not enough to constitute probable cause to arrest. SeeState v. Finch (1985), 24 Ohio App.3d 38, 40.
The second assignment of error is sustained.
The first assignment of error challenges whether Sergeant Dallas had a reasonable, articulable suspicion sufficient to detain Segi for field sobriety tests. Because Segi's arrest preceded the field sobriety tests and we have found that Sergeant Dallas did not have probable cause to arrest Segi, we need not address whether Sergeant Dallas had a reasonable, articulable suspicion to detain Segi for such tests.
 III. THE TRIAL COURT ERRED IN HOLDING THAT NOTHING MORE THAN A MARKED LANES VIOLATION COUPLED WITH AN ODOR OF AN ALCOHOLIC BEVERAGE IS SUFFICIENT TO ESTABLISH REASONABLE GROUNDS TO BELIEVE A DRIVER IS OMVI IN ORDER TO JUSTIFY IMPOSITION OF AN ADMINISTRATIVE LICENSE SUSPENSION.
Because Sergeant Dallas did not have probable cause to arrest Segi for DUI, he had no authority to require Segi to elect between the alternatives presented by R.C. 4511.191-to take a potentially incriminating test or to suffer a six month driving suspension. Taylor,3 Ohio App.3d at 198. Accordingly, the driving suspension which resulted from Segi's election not to take the test cannot stand.
The third assignment of error is sustained.
The judgment of the trial court will be reversed.
 _________________________ WOLFF, J.
FAIN, J. and YOUNG, J., concur.