JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Plaintiff-appellant City of Cleveland ("city") appeals from the judgment of the Cleveland Municipal Court which granted a motion to suppress in favor of defendant-appellee Theresa Bruner ("defendant"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On December 14, 2001, the defendant was cited for three traffic violations, including: failure to control, in violation of Cleveland Codified Ordinance (C.C.O.) Section 431.34; driving under the influence in violation of C.C.O. Section 433.01(A)(1); and driving with a blood alcohol content over .10, a violation of C.C.O. Section 433.01(A)(3). The defendant filed a motion to suppress. The trial court heard the matter on March 21, 2002 and on April 25, 2002 orally granted the defendant's motion. On April 26, 2002, the city moved the trial court to issue a finding of facts, which the trial court did not do prior to the city filing this appeal. On May 9, 2002, the trial court memorialized its ruling in a judgment entry.
 {¶ 3} The evidence presented at the hearing on the motion to suppress revealed that on December 14, 2001 Officer James Simone of the Cleveland Police Department responded to a multiple-car accident on the highway at about 10:40 p.m. He testified that when he arrived at the accident, the defendant's car was partially off the road. Simone stated that one of the people at the scene of the accident pointed out the defendant and told the officer that the defendant may have been drinking. Simone stated that he briefly spoke to the defendant at that time, who admitted to drinking and had an "odor of alcoholic beverage" on her breath. Simone testified that he asked her to recite the alphabet but she was unable to complete it.
 {¶ 4} The officer testified that he asked the defendant to have a seat in the police car. He stated that the defendant was handcuffed at this point. Simone further testified that he explained to the defendant that he was going to detain her for the purpose of investigating her sobriety, but that she was not under arrest. Thereafter, he handcuffed her, placed her in the back seat of his police are, and drove her to the garage of the Second District of the Cleveland Police Department to conduct field sobriety tests. Officer Simone videotaped the tests.
 {¶ 5} Simone testified that he conducted a series of field sobriety tests, a preliminary breath analyzer test and, as a result, placed the defendant under arrest for driving under the influence of alcohol. Thereafter, the defendant submitted to a calibrated breath test and had blood alcohol content of .134 per 210 liters.
 {¶ 6} "I. The trial court erred by granting a motion to suppress without stating any basis or reasoning even after plaintiff moved the trial court to issue findings of fact and conclusions of law."
 {¶ 7} We find this assignment of error moot, as the trial court issued its journal entry on May 9, 2002.
 {¶ 8} "II. The motion to suppress should not have been granted because there was probable cause to support an arrest for driving under the influence."
 {¶ 9} When considering a motion to suppress, a trial court serves as trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mills (1992), 62 Ohio St.3d 357. Accordingly, a reviewing court must defer to the trial court's findings of fact and conclusions of law if supported by competent, credible evidence. State v. Smith (1997), 80 Ohio St.3d 89. Furthermore, the state's burden of proof on a motion to suppress evidence is by a preponderance of the evidence. Athens v. Wolf (1974), 38 Ohio St.2d 237.
 {¶ 10} In Ohio, a warrantless arrest in a DUI case is constitutional so long as, at that moment, the officer had probable cause to make the arrest. State v. Woodards (1966), 6 Ohio St.2d 14. "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." State v. Homan (2000),89 Ohio St.3d 421, paragraph one of the syllabus. The Homan court stated that the standard for determining whether the police have probable cause to arrest an individual for driving under the influence is whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Timson (1974),38 Ohio St.2d 122, 127. This determination is to be made viewing the totality of facts and circumstances surrounding the arrest. Homan, supra, citing: State v. Miller (1997), 117 Ohio App.3d 750, 761; Statev. Brandenburg (1987), 41 Ohio App.3d 109, 111. The Homan court further stated:
 {¶ 11} "While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded for lack of strict compliance." Homan, at 427.
 {¶ 12} In this case, the arresting officer admitted that he did not conduct all of the field sobriety tests in strict compliance with the National Highway Traffic Safety Administration's procedures. In its sole assignment of error, the city is not challenging the suppression of the results of the field sobriety tests, rather the city is asserting that, even excluding the results of the field sobriety tests, sufficient probable cause existed to arrest the defendant for driving under the influence under a totality of the circumstances analysis. They therefore contend that suppressing all of the evidence obtained thereafter was improper. We disagree.
 {¶ 13} In this case, the police officer stated that he smelled an odor of alcoholic beverage on the defendant. The defendant admitted to having consumed alcohol. However, we must note that it is not illegal to drink and drive. State v. Taylor (1981), 3 Ohio App.3d 197. Rather, the law prohibits only drunken driving. Id.
 {¶ 14} Generally, an officer may not make a warrantless arrest for a misdemeanor offense unless the offense occurs in the officer's presence. City of Hamilton v. Jacobs (1995), 100 Ohio App.3d 724. However, an exception exists that where a defendant has caused an automobile accident, the police need not observe the impaired driving.Oregon v. Szakovits (1972), 32 Ohio St.2d 271. In this case, however, there was no evidence that the defendant caused the accident. The city proffered no evidence that the defendant's driving was impaired. While an accident investigator was at the scene, the city offered nothing to demonstrate that the defendant was responsible for the accident or had somehow driven erratically or in an impaired fashion. The evidence presented only indicated that the accident took place at night and in rainy weather.
 {¶ 15} Further, despite the officer's testimony that the defendant was unable to complete a recitation of the alphabet, her successful completion just moments later during the field sobriety tests belies his assertion. We therefore find, in viewing the totality of the circumstances, that competent, credible evidence exists to support the trial court's determination that no probable cause existed to arrest the defendant for driving under the influence.
Judgment affirmed.
This cause is affirmed to the Cleveland Municipal Court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellee recover of said appellant her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., AND TERRENCE O'DONNELL, J., CONCUR
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).