JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Pursuant to Crim.R. 12(K), plaintiff-appellant, the state of Ohio, appeals from the judgment of the Hamilton County Municipal Court granting defendant-appellee Joel Yakovac's motion to suppress evidence (a statement that he had been drinking alcohol and a backpack containing cans of beer seized from his brother's car). For the following reasons, we affirm the trial court's judgment.
On August 23, 2003, at 10:45 p.m., University of Cincinnati Police Officer Eric Weibel observed Yakovac exit from a well-lit parking garage and turn right on a public street without the headlights on his automobile illuminated. Weibel activated his emergency lights, and Yakovac immediately pulled over to the curb. Weibel requested Yakovac's driver's license and proof of insurance. Yakovac tendered his license but initially told Weibel that he could not find proof of insurance because he was driving his brother's car and did not know where it was located.
Weibel testified that while he was talking to Yakovac, he noticed an odor of alcohol emanating from the car and that Yakovac's speech was slightly slurred. During this time, Officer Kevin Manz arrived at the scene, and he activated his police cruiser's video and audio recording systems. The remaining events were recorded, and the videotape was made part of the record.
Weibel testified that although he had instructed Yakovac to stay in his brother's car while Weibel was running a check on Yakovac's license, Yakovac exited from the car to give Weibel proof of insurance. Despite a verbal order to return to the car, the videotape revealed that the officers were not alarmed by Yakovac's actions. Further, the videotape indicated that Yakovac had no difficulty walking to and from the car.[1]
After running the check on Yakovac's license, Weibel returned to Yakovac's car and removed a backpack from the backseat without Yakovac's consent. The backpack contained several cans of beer. At this time, Weibel arrested Yakovac for driving under suspension.[2] Officer Manz testified that Weibel seized the backpack after Yakovac had been handcuffed and placed in Weibel's cruiser. But the videotape, as well as Weibel's testimony, demonstrated that Yakovac was still sitting in his brother's vehicle when the backpack was seized. The videotape, as well as Weibel's testimony, also demonstrated that both officers realized that the seizure of the backpack was improper.
After Yakovac had been arrested, but before he had been read his Miranda rights, the officers asked him what he had been drinking, and Yakovac said that he had been drinking rum. Officer Weibel then arrested Yakovac for driving under the influence. Weibel testified that he had read the Miranda warnings prior to Yakovac's admission, but the videotape did not demonstrate this.
The trial court suppressed the beer found in the backpack because it had been seized without a warrant, and it also suppressed Yakovac's statement about his alcohol consumption because he had not been given his Miranda warnings. The trial court then made the finding that there had been no probable cause to arrest Yakovac for driving under the influence. In a single assignment of error, the state now contends that the trial court erred in granting the motion to suppress, when the officers had probable cause to arrest Yakovac for driving under the influence.
This court has held that the "test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that the defendant is committing or has committed an offense. Review of the trial court's findings of fact and conclusions of law entails a two-step inquiry. First, this court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. Next, accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. In this case, the de novo determination is whether [the] historical facts, viewed from the standpoint of an objectively reasonable police officer, amount[ed] to probable cause."[3]
The state admits that the beer found in the backpack was properly suppressed. And, as the state has anticipated in its brief, we also hold that the trial court properly suppressed Yakovac's statement because he had not been read his Miranda
rights prior to admitting that he had consumed alcohol. We now turn to the court's finding that there was no probable cause to arrest Yakovac for driving under the influence in the absence of the suppressed evidence and statement.
The state maintains that the officers had probable cause to arrest Yakovac for driving under the influence when Yakovac had been driving without the headlights illuminated, when he had an odor of alcohol about him, and when he had moderately slurred speech and glassy eyes and had not followed the officers' instructions to return to the car while he was attempting to deliver proof of insurance. Upon review of the record, which includes a videotape of a majority of the stop, we hold that the trial court correctly determined that the officers did not have probable cause to arrest Yakovac for driving under the influence.
First, it was understandable for Yakovac not to have illuminated his lights right away, because he had just left a brightly lit parking garage where headlights were unnecessary. Next, the officer testified that Yakovac pulled over to the curb immediately. Although the officers ordered Yakovac to stay in the car, the videotape demonstrated that they were not alarmed when Yakovac left the car to give them proof of insurance, and that Yakovac had no problems walking to and from the car. Though there may have been some slightly slurred speech, it must not have been significant given that the officers did not arrest Yakovac for driving under the influence until after they had discovered the beer and he had admitted that he had been drinking. Although there was an odor of alcohol emanating from Yakovac, the state concedes that an odor of alcohol alone does not establish probable cause to arrest.[4]
Based on the foregoing, we cannot say that the trial court erred in suppressing the evidence and in finding that there was no probable cause to arrest Yakovac for driving under the influence. Accordingly, the state's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] Weibel agreed on cross-examination that Yakovac was "sure on his feet."
[2] Yakovac had a valid Pennsylvania driver's license. Officer Weibel mistakenly thought that Yakovac had an invalid license because when he ran the check on the driver's license, the response indicated an "invalid status," which usually occurs with an out-of-state driver's license.
[3] Cincinnati v. Wolfe, 1st Dist. Nos. C-010303 and C-010304, 2001-Ohio-3916.
[4] See State v. Taylor (1981), 3 Ohio App.3d 197,444 N.E.2d 481.