DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the August 3, 2004 judgment of the Maumee Municipal Court, which, following a no contest plea, found appellant, David M. McBee, guilty of operating a motor vehicle while under the influence of alcohol. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} On January 16, 2004, appellant was charged with operating a vehicle while under the influence of alcohol, a violation of Section 333.01 of the Village of Waterville Code. On April 2, 2004, appellant filed a motion to suppress all the field and chemical test results, statements of appellant, and observations and opinions of the arresting officer on the ground that the officer lacked probable cause to stop and arrest him. The state opposed the motion and, on May 24, 2004, following a hearing, the trial court denied the motion. Appellant subsequently pled no contest to driving under the influence of alcohol and the court found him guilty. Appellant now appeals, setting forth the following assignment of error:
 {¶ 3} "The lower court erred in finding that probable cause existed sufficient to support the arrest of the appellant for § 333.01"
 {¶ 4} In his sole assignment of error, appellant contends that the trial court erred in finding that arresting officer had probable cause to arrest appellant on the charge of driving under the influence. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v. Klein
(1991), 73 Ohio App.3d 486, 488.
 {¶ 5} The testimony presented at the April 13, 2004 suppression hearing provides that on January 16, 2004, at approximately 10:00 p.m., Waterville Police Officer, Steven Hallett, observed appellant run a red light at U.S. 24 and Mechanic Street in Waterville, Lucas County, Ohio. Officer Hallett activated his overhead lights; appellant stopped immediately in the intersection. Officer Hallett first approached appellant to ask him to move his vehicle because he was blocking traffic. When Officer Hallett again approached appellant's vehicle he testified that he detected a "strong odor of alcohol coming from [appellant's] breath." Appellant disclosed that he had consumed a few drinks.[1] Officer Hallett testified that he noticed appellant's speech was slurred and he asked appellant to step out of his vehicle. Appellant nearly fell when exiting his vehicle.
 {¶ 6} Officer Hallett administered the horizontal gaze nystagmus "HGN" test, which scored six out of six clues, indicating alcohol impairment. Appellant was then instructed to perform the one-leg-stand test and the walk-and-turn test. Appellant stated that he had leg problems; Hallett instructed him to do the best he could. Appellant could not complete the one-leg-stand test. Regarding the walk-and-turn test, Officer Hallett testified that appellant was asked to listen to the instructions and wait until Hallett told him he could begin; Officer Hallett demonstrated the test and when he turned around, he noticed that appellant was following behind him. Appellant's performance on these tests and his failure to follow instructions indicated to Hallett that appellant was under the influence of alcohol. Appellant was then placed under arrest.
 {¶ 7} As to appellant's arrest, in Beck v. Ohio (1964),379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223, the United States Supreme Court held that probable cause for a warrantless arrest is based on "* * * whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed the offense." Appellant cites State v. Taylor (1981),3 Ohio App.3d 197 and State v. Finch (1985), 24 Ohio App.3d 38, to support his argument that Officer Hallett lacked probable cause for arrest. Both cases are distinguishable.
 {¶ 8} In Taylor, the court concluded that speeding, combined with an odor of alcohol and nothing more, was insufficient to establish probable cause to arrest for driving under the influence of alcohol. Id. at 197-198. The court noted that the odor of alcohol was not even characterized as "pervasive" or "strong." The court reasoned that evidence of alcohol ingestion does not equal evidence of alcohol intoxication. Id. In Finch, 24 Ohio App.3d 38, the court concluded that where the officer did not witness erratic driving, had not witnessed impaired motor coordination, and had not instructed the defendant to perform field sobriety tests, probable cause for arrest did not exist.
 {¶ 9} In State v. MacClintock (Sept. 30, 1998), 6th Dist. No. L-97-1419, distinguishing Taylor and Finch, this court found sufficient probable cause when a police officer observed that the defendant produced a strong odor of alcohol, had difficulty standing, had glassy eyes, and his overall demeanor suggested he was under the influence of alcohol. See State v.Campbell (Nov. 9, 2001), 6th Dist. No. OT-00-052, (evidence that appellant smelled of alcohol, failed a field sobriety test, admitted he had been drinking, and that he refused to cooperate with further tests established probable cause to arrest); Statev. Kirby (Sept. 28, 2001), OT-00-047, (observation of appellant weaving within his lane, a strong odor of alcohol, red and glassy eyes, slurred speech, and an admission the he had been drinking all establish probable cause to arrest.)
 {¶ 10} Appellant argues that due to a prior injury, he was unable to properly perform the one-leg-stand and the walk-and-turn tests. Appellant also contends that due to an eight-inch height disparity between appellant and Officer Hallett, Hallett could not properly administer the HGN Test. Even conceding that appellant's physical condition hindered his performance on the one-leg-stand and walk-and-turn tests, his failure to follow instructions is significant. Further, we have found no administrative, statutory, or case law suggesting that a height disparity between the officer and the driver nullifies the HGN test results.
 {¶ 11} Upon consideration of the foregoing, the court finds that appellant's act of running a red light, his admission, after Officer Hallett detected the odor of alcoholic beverage on his person, that he had consumed "a few" drinks, his slurred speech, his manner of exiting his vehicle, his performance on the HGN test, and his failure to follow Officer Hallett's instructions all demonstrate that Officer Hallett had a sufficient basis for believing that probable cause existed to arrest appellant for driving while under the influence of alcohol. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 12} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J. Concur.
[1] The arresting officer's report listed that appellant admitted to having four beers.