[Cite as *State v. Hardison*, 2021-Ohio-1028.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2020 CA 0046 |
| RAYSHAWN HARDISON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No. 19 CR 869


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       March 29, 2021


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM C. HAYES                          WILLIAM T. CRAMER
PROSECUTING ATTORNEY                      470 Olde Worthington Road
PAULA M. SAWYERS                          Suite 200
ASSISTANT PROSECUTOR                      Westerville, Ohio  43082
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, John, J.*

**{¶1}** Defendant-Appellant Rayshawn Hardison appeals the May 1, 2020, judgment entry of the Court of Common Pleas of Licking County, Ohio, denying his motion to suppress. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On October, 27, 2019, Appellant was arrested for Driving While Under the Influence of Alcohol or Drugs (OVI) in violation of R.C. 4511.19, a felony in the third-degree due to a prior OVI conviction. In addition, Appellant was charged with driving under an OVI suspension in violation of R.C. 4510.14(A), a first-degree misdemeanor.

**{¶3}** On January 14, 2020, Appellant filed a Motion to Suppress all evidence in this matter.

**{¶4}** On January 30, 2020, a hearing on the Motion to Suppress was held.

**{¶5}** At the hearing, Officer Harris of the Newark Police Department testified that she was dispatched to the exit ramp to Country Club and Church Street off of Route 16 westbound for a report of an unresponsive male behind the wheel.

**{¶6}** Upon arriving on scene, she noted a female standing on the side of the road pointing to a black Honda Civic with taillights illuminated and left hand turn signal activated. It was stopped in the left-hand turn lane off of the exit ramp. As Harris approached the vehicle she noted Appellant was unresponsive in the driver's seat, either unconscious or asleep, and that the vehicle was running and in drive. The window to the vehicle was partially open, and she detected a faint odor of alcohol coming from inside the vehicle.

{¶7} Harris then attempted to reach into the car to unlock the door in order to place the car in park. At this point Appellant awoke and took his foot off of the brake, and the vehicle began rolling down the exit ramp. Harris then instructed Appellant to stop the vehicle and place the vehicle in park. Appellant was unable to do this until his vehicle struck a parked ambulance and came to a stop. Harris then had Appellant exit the vehicle to conduct a pat down for officer safety.

{¶8} When Appellant exited the car, Harris smelled a stronger odor of alcohol coming from Appellant's breath and on his person. Harris inquired if Appellant had been drinking. Appellant responded that he had the night before and the last beverage he remembered was around 2 a.m. Harris then asked how he came to be at the exit ramp. Appellant indicated the night before he had been at the Lucky Bamboo and then remembered nothing until he awoke on the exit ramp.

{¶9} Harris then detained Appellant, as he was under suspicion of OVI. Harris observed that Appellant was wearing an ankle monitor. He confirmed he was wearing the monitor because he was on probation for a previous OVI charge. Office Harris ran Appellant's information and determined Appellant was driving under a suspended license due to his previous OVI.

{¶10} Appellee then showed a video of the interaction beginning with Officer Harris attempting to unlock Appellant's car. The video then shows the car rolling into the ambulance.

{¶11} Harris further testified she asked Appellant to perform standardized field sobriety tests, but Appellant refused to participate. Officer Harris then placed Appellant under arrest.

{¶12}  Appellant then testified he was not offered field sobriety tests, but admitted he was not handcuffed when questioned about his ankle monitor.

{¶13}  In its judgment entry date May 1, 2020, the trial court denied Appellant's Motion to Suppress. The trial court found that Officer Harris responded to a call and observed the car stopped at the traffic light with its left turn signal activated. Harris found Appellant unconscious or asleep behind the wheel of a running car. There was an odor of alcohol coming from the vehicle. In order to safely put the vehicle in park, Harris had to open the door, at which point Appellant awoke and rolled his car into an ambulance. Appellant did not put his foot on the brake when ordered to do so.

{¶14}  The trial court further found Officer Harris could smell alcohol on Appellant's breath, and that he was unsteady on his feet. Appellant had been drinking at Lucky Bamboo until two in the morning and could not recall anything after the Lucky Bamboo. Harris determined Appellant was under a driving suspension for a previous OVI, and Appellant refused field sobriety tests. Based on all of these findings, the trial court found Appellee had probable cause to arrest Appellant for OVI and for operating a vehicle with a suspended license.

{¶15}  On July 14, 2020, Appellant entered a plea of no contest to both charges. The trial court sentenced Appellant to two years in prison, the mandatory minimum fine of $1,350, and a five-year driver license suspension for the driving under an OVI suspension charge.

**ASSIGNMENT OF ERROR**

{¶16} On July, 2020, Appellant filed a notice of appeal and herein raises the following sole Assignment of Error:

{¶17} "I. APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS WERE VIOLATED BY AN ARREST FOR AN OVI THAT IS NOT SUPPORTED BY PROBABLE CAUSE."

**I.**

{¶18} In Appellant's sole Assignment of Error, Appellant argues the trial court erred in denying his motion to suppress. We disagree.

{¶19} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf,* 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist. 1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds, State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

{¶20} Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law of the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams*

at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted.) *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994).

{¶21} In the case *sub judice*, Appellant argues Officer Harris had no probable cause to arrest Appellant for an OVI. We disagree. A police officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings*, 5th Dist. Stark No. 2005-CA-00295, 2006-Ohio-2431, ¶15, citing *State v. Heston*, 29 Ohio St.2d 152, 280 N.E.2d 376 (1972). In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. *See State v. Miller*, 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (11th Dist.1997); *State v. Brandenburg*, 41 Ohio App.3d 109, 111, 534 N.E.2d 906 (2nd Dist.1987). When evaluating probable cause to arrest for OVI, the totality of the circumstances can support a finding of probable cause to arrest even where no field sobriety tests are administered. *See State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000).

{¶22} In the case at bar, Officer Harris testified Appellant was asleep behind the wheel of a running vehicle which was in drive at 8 a.m. Appellant told Harris he was drinking until 2 a.m. at a bar and had no memory from 2 a.m. until he awoke behind the wheel at 8 a.m. Upon waking up, Appellant rolled his car into a parked ambulance. Appellant did not respond to Officer Harris telling him to stop the vehicle and put it in park. Upon Appellant leaving the vehicle, Officer Harris smelled the odor of alcohol coming from

Appellant's breath. Officer Harris also discovered Appellant was driving on suspension for a previous OVI.

**{¶23}** Appellant points to *Cincinnati v. Bryant*, where the First District Court of Appeals held a minor traffic violation in connection with arresting officer's perception of an odor of alcohol does not rise to the level of probable cause. *Cincinnati v. Bryant*, 1st Dist. Hamilton No. C-090546, 2010-Ohio-4474, ¶25, citing *State v. Taylor*, 3 Ohio App.3d 197, 198, 444 N.E.2d 481 (1st Dist.1981). However, in the case at bar, Officer Harris had more indicia than the odor of alcohol and a minor traffic violation. Appellant admitted to Officer Harris that Appellant drank alcohol the night before, to having a six hour gap in memory, and to being on suspension for a previous OVI.

**{¶24}** Based on Officer Harris's testimony we find that the totality of facts and circumstances supported a finding of probable cause to arrest Appellant for driving under the influence of alcohol in violation of R.C. 4511.19.

**{¶25}** Appellant's sole Assignment of Error is overruled.

**{¶26}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

By: Wise, John, J.
Baldwin, P. J., and
Wise, Earle, J., concur.

JWW/br 0326